In re Gary Walter Randolph GREEN, dba A–1 Used Tires; Jenell Louise Green, dba Moreland House Antiques, Debtors.

Linda SIEVERS, Appellant,

v.

Gary Walter Randolph GREEN, dba A–1 Used Tires; Jenell Louise Green, dba Moreland House Antiques, Appellees.

Bankruptcy App. Panel No. OR–86–1168–MeEAs. Bankruptcy No. 385–01707.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted July 25, 1986.

Decided Aug. 14, 1986.

Warner E. Allen, Dennis P. Brookshire, Warren & Allen, Portland, Or., for appellant.

Magar E. Magar, Portland, Or., for appellees.

Before MEYERS, ELLIOTT and ASHLAND, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

This appeal raises the question of whether a trial court is required, as a matter of law, to dismiss a Chapter 13 case after the Debtors defaulted on scheduled payments. We conclude that no such requirement exists and AFFIRM.

Linda Sievers entered into a land sale contract with Gary Walter Randolph Green and Jenelle L. Green ("Debtors"), wherein Sievers was to receive $102,000 payable in monthly installments. After the Debtors fell behind in these payments, they filed a Chapter 13 petition. Immediately after confirmation of their Chapter 13 plan, the Debtors fell behind in their scheduled payments. Sievers filed a motion under Sections 1307(c)(4) and (6) to dismiss or convert for failure to make these payments.

The trial court found that the Debtors were in default under the plan. However, the trial court also found that this default was immaterial, declaring that the motion to dismiss was premature.

■ An analysis of the language of Section 1307(c) leads to the inevitable conclusion that the decision to dismiss a Chapter 13 is a *discretionary decision* of the trial court. Section 1307(c) states that upon request of a party in interest a court may convert a Chapter 13 case to Chapter 7 or

dismiss for cause. The word "may" is a permissive word, not a word of command. *In re Benediktsson,* 34 B.R. 349, 350 (W.Wash.1983). By contrast, Section 1307(b) states that upon the request of a debtor at any time, the court "shall" dismiss a Chapter 13 case. The word "shall" is a word of command which allows the trial court no discretion. *Matter of Hearn,* 18 B.R. 605, 606 (D.Neb.1982); *In re Benediktsson, supra,* 34 B.R. at 350. This gives the debtor an absolute right to dismiss. *In re Nash,* 765 F.2d 1410, 1413 (9th Cir.1985). A creditor has no such automatic right.

In deciding whether to dismiss a Chapter 13 case at the request of a creditor, the trial court's discretion is to be guided by the factors listed in Section 1307(c). That one or more of these factors may exist does not require a trial court to dismiss.

None of the cases cited by Sievers support the contention that the trial court abused its discretion. The Debtors were behind in making payments under the plan. Such delays are a ground for dismissal. *In re Sando,* 30 B.R. 474, 476 (E.D.Pa.1983). However, such delays do not give creditors an automatic right to a dismissal. *In re Jarvis,* 24 B.R. 46, 47 (Vt.1982).

In the instant case the Debtors had made substantial payments under the plan although they were not current. Given the fact that the plan was only in its fourth month, the trial court did not abuse its discretion in finding that the default was immaterial and the motion to dismiss premature.

Therefore, we AFFIRM.