*618
 
 JOSÉ A. CABRANES, Circuit Judge:
 

 The question presented is whether 11 U.S.C. § 1307(b)
 
 [1]
 
 provides a debtor an absolute right to dismiss a voluntary Chapter 13 bankruptcy petition.
 
 [2]
 
 Debtor Nina Marie Barbieri appeals from an order of the United States District Court for the Eastern District of New York (Raymond J. Dearie,
 
 Judge),
 
 entered November 13, 1998, affirming an order of the Bankruptcy Court (Laura Taylor Swain, Judge) that (1) denied debtor’s application for dismissal of her voluntary Chapter 13 petition pursuant to § 1307(b), and (2) converted the case
 
 sua sponte
 
 to a Chapter 7 liquidation. Barbieri argues,
 
 inter alia,
 
 that § 1307(b) grants a debtor an absolute right to dismiss a Chapter 13 petition. To hold otherwise, she maintains, would contravene the strictly voluntary nature of Chapter 13. We agree and therefore reverse the order of the District Court.
 

 I.
 

 Barbieri was the owner of a multi-family apartment building located at 86 East Third Street in Manhattan. On February 25,1998, she entered into a contract to sell the property to appellee RAJ Acquisition Corp. (“RAJ”) for $585,000; less than one month later, she filed a petition for relief under Chapter 13 of the Bankruptcy Code. Barbieri’s proposed Chapter 13 plan provided for the repudiation of her contract with RAJ, thus leaving RAJ with an unsecured claim against the bankruptcy estate for any damages incurred as a result of the repudiation. On July 7, 1998, Barbieri sought an order from the Bankruptcy Court authorizing the sale of the East Third Street property to New York Property Holding Corp. (“NYPHC”), which was willing to purchase the property for $687,-500.
 

 On July 22, 1999, the Bankruptcy Court held a hearing to consider Barbieri’s application to sell the property to NYPHC. RAJ opposed Barbieri’s application, arguing that its contract with Barbieri provided for a greater yield to the estate than did the agreement with NYPHC because RAJ’s contract provided for payment of back rent to Barbieri while the NYPHC contract provided for payment of back rent to the purchaser. At the conclusion of the July 22 hearing, the Bankruptcy Court indicated an intention to convert the ease to one under Chapter 7. During a colloquy on the matter, Barbieri’s counsel moved to dismiss the Chapter 13 petition voluntarily, at which point the Bankruptcy Court denied Barbieri’s motion and stated that “[t]he Court, pursuant to Section 105 of the Code and Section 1307(c) is today sua sponte converting this Chapter 13 case to a case under Chapter 7.”
 
 [3]
 
 The Court de
 
 *619
 
 termined that “conversion to Chapter 7 and an opportunity for the trustee in Chapter 7 to investigate the debtor’s assets and obligations is more appropriate than permitting a withdrawal or a debtor in possession status under Chapter 11.” On appeal to the District Court, Judge Dearie rejected Barbieri’s claim that § 1307(b) affords a debtor an absolute right to dismiss a Chapter 13 petition and affirmed the Bankruptcy Court’s conversion of Barbieri’s petition into a Chapter 7 proceeding. This timely appeal followed.
 

 II.
 

 Although this case raises a question of first impression in this Circuit, courts in other jurisdictions have considered the issue, with divided results.
 
 Compare Molitor v. Eidson, (In re Molitor),
 
 76 F.3d 218 (8th Cir.1996) (holding that a debtor’s right to dismiss is qualified by § 1307(c)),
 
 with In re Harper-Elder,
 
 184 B.R. 403 (Bankr.D.D.C.1995) (holding that a debtor’s right to dismiss is absolute). We hold that a debtor has an absolute right to dismiss a Chapter 13 petition under § 1307(b), subject only to the limitation explicitly stated,in that provision. Accordingly, we reverse the order of the District Court.
 

 In holding that § 1307(b) does not provide an absolute right to dismiss a Chapter 13 petition, the District Court adopted the reasoning of the Eighth Circuit in
 
 Molitor.
 
 The Court found that allowing a debtor to respond to a motion to convert under § 1307 based upon allegations of fraud (or, as in the instant case, a judicial statement of intention to act
 
 sua
 
 sponte) by dismissing as of right the debtor’s Chapter 13 petition before the Bankruptcy Court has decided the motion to convert, “ ‘would render § 1307(c) a dead letter and open up the bankruptcy court[s] to a myriad of potential abuses.’ ”
 
 In re Barbieri,
 
 226 B.R. 531, 534 (E.D.N.Y.1998) (quoting
 
 Molitor,
 
 76 F.3d at 220). In addition, the District Court noted that “[t]he purpose of the Bankruptcy Code is to give the honest, unfortunate debtor a fresh start, not to assist those who intend to misuse the system and perpetuate fraudulent actions.”
 
 In re Barbieri,
 
 226 B.R. at 534 (internal quotation marks and citations omitted). Toward that end, the District Court concluded that the broad powers granted to bankruptcy courts under 11 U.S.C. § 105(a) permitted 'the Bankruptcy Court to deny Barbieri’s dismissal request and
 
 sua sponte
 
 to convert the action to a Chapter 7 liquidation.
 
 See Barbieri,
 
 226 B.R. at 534-35.
 

 Section 1307(b) unambiguously requires that if a debtor “at any time” moves to dismiss a case that has not previously been converted, the court “shall” dismiss the action. The term “shall,” as the Supreme Court has reminded us, generally is mandatory and leaves no room for the exercise of discretion by the trial court.
 
 See Anderson v. Yungkau,
 
 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947) (analyzing the language of Fed.R.Civ.P. 25(a), and noting that “[t]he word ‘shall’ is ordinarily the language of command” (internal quotation marks omitted));
 
 see also Sievers v. Green (In re Green),
 
 64 B.R. 530, 531 (9th Cir. BAP 1986) (discussing § 1307(b), and noting that “[t]he word ‘shall’ is a word of command which allows the trial court -no discretion”). The only limitation of the right to dismiss is stated in § 1307(b) itself, which provides for dismissal “if the case has
 
 not
 
 been converted under section 706, 1112, or 1208 of this title” (emphasis supplied).
 

 The mandatory nature of § 1307(b) becomes even clearer when the language of that provision is compared with the permissive language of § 1307(c).
 
 See Green,
 
 64 B.R. at 530-31. As the Supreme Court has observed, “[i]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.”
 
 BFP v.
 
 
 *620
 

 Resolution Trust Corp.,
 
 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (internal quotation marks omitted). “[W]hen the same [provision] uses both ‘may’ and ‘shall,’ the normal inference is that each is used in its usual sense — the one act being permissive, the other mandatory.”
 
 Anderson,
 
 329 U.S. at 485, 67 S.Ct. 428. For these reasons, we conclude that § 1307(b) gives a debtor an absolute right to dismiss a Chapter 13 petition, subject only to the limitation set forth in that section — namely, that the case must not have “been converted under section 706, 1112, or 1208 of this title.”
 

 This conclusion reflects the intention of Congress to create an entirely voluntary chapter of the Bankruptcy Code.
 
 See Harper-Elder,
 
 184 B.R. at 408 (“Chapter 13 was intended to be [a] purely voluntary chapter, as demonstrated by § 303(a) which provides that a chapter 13 case may not be commenced involuntarily.”). Congress has provided for another procedure by which a creditor may force an unwilling debtor into a Chapter 7 liquidation: an involuntary petition under 11 U.S.C. § 303.
 
 [4]
 

 See Harper-Elder,
 
 184 B.R. at 408. To force a debtor into bankruptcy under § 303, however, creditors must comply with a number of requirements beyond simply showing cause.
 
 [5]
 
 Thus,
 

 “[t]o allow a creditor to convert a Chapter 13 case to a Chapter 7 liquidation notwithstanding a pending motion to dismiss filed by the debtor would permit the creditor to effectuate an involuntary petition without the need to satisfy the requisites of § 303.... Such a result flies in the face of the voluntary nature of [Chapter 13] and circumvents the standards for an involuntary liquidation set forth in § 303.”
 

 In re Patton,
 
 209 B.R. 98, 102-103 (Bankr.E.D.Tenn.1997);
 
 see also Harper-Elder,
 
 184 B.R. at 408 (“It would be unfair to the debtor and counter to the spirit of the Code for the court to permit the creditor to avoid compliance with the involuntary petition provisions by utilizing the conversion language of chapter 13 to force the reluctant debtor into liquidation.”).
 

 We find the reasoning of the Eighth Circuit in
 
 Molitor
 
 — that an absolute right to dismiss under § 1307(b) would render § 1307(c) a nullity — unpersuasive. It is true that if a court grants a debtor’s motion to dismiss under § 1307(b), the court will be deprived of the option, afforded by § 1307(e), of converting the case for cause. But that is no more significant than the fact that an order granting a creditor’s motion to convert under § 1307(c) would foreclose dismissal under § 1307(b). “In the event of competing motions filed under subsections (b) and (c), one subsection will inevitably prevail at the expense of [the other].”
 
 Patton,
 
 209 B.R. at 100. Accordingly, the assertion that an absolute right under § 1307(b) would nullify § 1307(c) “carries no weight since either party could make the same argument.”
 
 Id.
 
 at 104.
 

 In addition, the District Court’s reliance on 11 U.S.C. § 105(a) is misplaced. “[T]he equitable powers emanating from § 105(a) ... are not a license for a court to
 
 *621
 
 disregard the clear language and meaning of the bankruptcy statutes and rules.”
 
 Official Comm. of Equity Sec. Holders v. Mabey,
 
 832 F.2d 299, 302 (4th Cir.1987). In short, although § 105(a) grants a Bankruptcy Court broad powers, it does not authorize the Court to disregard the plain language of § 1307(b).
 

 We are mindful that “the purpose of the bankruptcy code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process in order to avoid paying their debts.”
 
 Molitor,
 
 76 F.3d at 220;
 
 accord Barbieri,
 
 226 B.R. at 534. Nevertheless, our concerns about abuse of the bankruptcy system do not license us to redraft the statute.
 
 See, e.g., Badaracco v. Commissioner,
 
 464 U.S. 386, 389, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984) (“Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement.”);
 
 cf. Taylor v. Freeland & Kronz,
 
 503 U.S. 638, 644-45, 112 S.Ct. 1644 (1992) (holding that the courts “have no authority to limit the application of [the Bankruptcy Code’s 30-day limitations period for challenging claimed exemptions] to exemptions claimed in good faith” and noting that such authority belongs exclusively to Congress). Moreover, there are several provisions in the Bankruptcy Code that specifically authorize court action to prevent abuse. For example, notwithstanding a debtor’s voluntary dismissal of a Chapter 13 petition, the Bankruptcy Court has the power, in appropriate cases, to impose sanctions.
 
 See
 
 Fed. R. BaNKR.P. 9011(c). In addition, under 11 U.S.C. §§ 349(b)
 
 [6]
 
 and 362(c),
 
 [7]
 
 a voluntary dismissal results in the debtor forfeiting the protections afforded by the automatic stay. See, e.g.,
 
 Martir Lugo v. De Jesus Saez (In re De Jesus
 
 Saez), 721 F.2d 848, 851 (1st Cir.1983);
 
 In re Doherty,
 
 229 B.R. 461, 463 (Bankr.E.D.Wash.1999);
 
 Harper-Elder,
 
 184 B.R. at 407;
 
 In re Merritt,
 
 39 B.R. 462, 464 (Bankr.E.D.Pa.1984). Thus, by voluntarily dismissing a Chapter 13 petition, the debtor “indicates that he is prepared to limit his rights and remedies to those available in state court. Creditors will be free to pursue any cause of action they might have had under the Bankruptcy Code in state forums immediately upon dismissal of these proceedings for [the] reason that the automatic stay no longer remains in effect.”
 
 In re Hearn,
 
 18 B.R. 605, 606 (Bankr.D.Neb.1982). Moreover, under 11 U.S.C. § 108(c), which tolls statutes of limitation during the pendency of a bankruptcy proceeding,
 
 see Hearn,
 
 18 B.R. at 606-07, there is no danger that a creditor would be barred from bringing a cause of action.
 

 There are additional protections against abuse. For example, as noted above, creditors may force a debtor into liquidation by filing an involuntary petition pursuant to § 303. In addition, a Bankruptcy Court may take appropriate steps pursuant to § 105(a) “to prevent an abuse of process” — provided, of course, that these steps do not contravene other provisions of the Code. Lastly, in an appropriate case, a debtor’s conduct may be referred to the United States Attorney’s Office for investigation and potential criminal prosecution
 
 *622
 
 for bankruptcy fraud under 18 U.S.C. §§ 151-57.
 
 [8]
 
 In short, depriving a Bankruptcy Court of the authority to convert a Chapter 13 petition when the debtor seeks dismissal under § 1307(b) does not unduly limit the protections against abuse of the bankruptcy process.
 
 [9]
 

 Appellee RAJ argues that Barbieri’s request for dismissal was made after the conversion to Chapter 7 and, thus, was ineffectual in any event. . We disagree. First, the record of the Bankruptcy Court proceedings does not support RAJ’s contention.
 
 [10]
 
 As the transcript reproduced at the margin suggests, the Court did not issue the order for conversion until after debtor’s counsel had requested to withdraw the petition. Moreover, Federal Rule of Bankruptcy Procedure 9021(a) specifies, in relevant part, that “[a] judgment is effective when entered as provided in Rule 5003.” In turn, Rule 5003(a) provides, in relevant part, that “[t]he clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case.” In this case, the Bankruptcy Court’s order had not been entered on the Clerk’s docket pursuant to Rule 5003 at the time Barbieri moved to dismiss. Accordingly, the conversion had not become effective before Barbieri’s request for voluntary dismissal was made.
 

 IÍI.
 

 ' For the reasons stated above, we hold that the debtor had the right voluntarily to dismiss her Chapter 13 petition absent an
 
 *623
 
 actual order of conversion notwithstanding the clearly stated intention of the Bankruptcy Court to convert the case to Chapter 7 pursuant to § 1307(c). Accordingly, we reverse the judgment of the District Court and remand with instructions that it direct the Bankruptcy Court to enter an order dismissing the action.
 

 [1]
 

 . Section 1307(b) states: "On request of the debtor
 
 at any time,
 
 if the case has not been converted under section 706, 1112, or 1208 of this title, the court
 
 shall
 
 dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable” (emphasis supplied).
 

 [2]
 

 . Title 11, like many other titles of the United States Code, is divided into various chapters. Chapters 1, 3, and 5 contain provisions that are generally applicable to all bankruptcy cases. The remaining chapters set out particular procedures for different kinds of bankruptcy cases. Chapter 7, for example, deals with debtors whose assets are to be liquidated.
 
 See
 
 Douglas G. Baird, The Elements of Bankruptcy 5 (rev. ed.1993). By contrast, "Chapter 13 allows debtors to keep their existing assets and gives them a discharge if they pay creditors what they can out of their disposable income over a period of three to five years.”
 
 Id.
 
 at 39.
 
 See generally
 
 1 Daniel R. Cowans, Bankruptcy Law and Practice §§ 3.4-3.6 (6th ed.1994) (discussing the different kinds of relief under Title 11).
 

 [3]
 

 . 11 U.S.C. § 1307(c) states, in relevant part, that "on request of a party in interest or the United States trustee and after notice and a hearing, the court
 
 may
 
 convert a case under this chapter to a case under chapter 7 of this title, or
 
 may
 
 dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause” (emphasis supplied).
 

 11 U.S.C. § 105(a) provides as follows:
 

 The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court
 
 *619
 
 from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
 

 [4]
 

 . Section 303(a) provides in relevant part: "An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person ... that may be a debt- or under the chapter under which such case is commenced.”
 

 [5]
 

 . For example, § 303(b) provides in relevant part:
 

 An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
 

 (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute ... if such claims aggregate at least $10,775 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
 

 (2) if there are fewer than 12 such holders ... by one or more of such holders that hold in the aggregate at least $10,-775 of such claims....
 

 [6]
 

 . Section 349(b) states in relevant part:
 

 . Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
 

 (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.
 

 [7]
 

 . Section 362(c) states in relevant part: Except as provided in subsections (d), (e), and (f) of this section — •
 

 (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
 

 (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
 

 (A) the time the case is closed;
 

 (B) the time the case is dismissed;
 
 or
 

 (C) ... the time a discharge is granted or denied.
 

 [8]
 

 . Faced with individual debtors filing and dismissing multiple Chapter 13 petitions in order to take advantage repeatedly of the Code’s automatic stay provisions, some courts have imposed conditions upon future filing when granting these debtors’ motions to dismiss.
 
 See, e.g., In re Graffy,
 
 216 B.R. 888, 891-92 (Bankr.M.D.Fla.1998) (dismissing petition with prejudice and prohibiting petitioner from filing for two years any further bankruptcy actions in any jurisdiction seeking relief from IRS claims);
 
 In re Greenberg,
 
 200 B.R. 763, 770 (Bankr.S.D.N.Y.1996) (dismissing petition but providing that automatic stay provision would not apply to foreclosure or eviction actions by debtor’s co-op in the event of future filings). We take no position on whether such conditions are permissible or whether they infringe on a debtor’s absolute right to dismiss Chapter 13 petitions voluntarily. We note, however, that such conditions, if permissible, would serve as an additional powerful tool in preventing abuse.
 

 [9]
 

 . We recognize that an absolute right of a debtor to withdraw her Chapter 13 petition raises the possibility that creditors may lose the benefit of the preference period under 11 U.S.C. § 547 and the fraudulent transfer period under 11 U.S.C. § 548 established by the filing of that petition. We also acknowledge that although creditors might well be able to protect themselves against this result “by filing an involuntary chapter 7 or 11 petition against the debtor in response to the debtor's voluntary chapter 13 petition,”
 
 Harper-Elder
 
 184 B.R. at 408, the filing of a Chapter 7 or 11 petition in response to every Chapter 13 petition as a way to address this problem may be impracticable. While this consequence of an absolute right to withdraw is a matter of concern, it does not, in our view, permit us to ignore the plain language of § 1307(b).
 

 [10]
 

 .In the course of the hearing the following exchange occurred:
 

 THE COURT: Actually, I’ve made a determination. The debtor doesn't have options here. I will not permit withdrawal. I'm going to convert this case to Chapter 7 now.
 

 [DEBTOR’S' COUNSEL]: Judge, can the debtor convert it to a Chapter 11?
 

 THE COURT: No. The debtor can move to convert to Chapter 11 once she’s in 7, but it’s going to 7 today. Given everything that I have heard today, given my review of the petition and what I’ve heard from counsel for debtor today ..., I’m going to use my Section 105 power to the extent it’s necessary to deny any request to voluntarily convert directly to Chapter 11.
 

 [DEBTOR’S COUNSEL]: And also the debtor would then request to withdraw her petition.
 

 THE COURT: That request is also denied. The Court, pursuant to Section 105 of the Code and Section 1307(c) is today sua sponte converting this Chapter 13 case to a case under Chapter 7.
 

 So accordingly, I will enter an order today converting this case to Chapter 7.