13-0193-cv
In the Matter of Greenwich Sentry, *Keough et al v. 217 Canner Associates, LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
DENNY CHIN,

*Circuit Judges.*

_____

In the Matter of: GREENWICH SENTRY, L.P.

CHRISTOPHER MCLOUGHLIN KEOUGH, QUANTUM HEDGE STRATEGIES FUND, LP, SIM HEDGED STRATEGIES TRUST,

*Petitioners-Appellants,*

-v.-                                             No. 13-0193-cv

217 CANNER ASSOCIATES, LLC, Liquidating Trustee,

*Respondent-Appellee.*

_____

ERIC G. WAXMAN, III,
Westerman Ball Ederer Miller & Sharfstein, LLP,
Uniondale, New York *for Petitioner-Appellant.*

1

JAMES N. LAWLOR, WOLLMUTH MAHER & DEUTSCH LLP
NEW YORK, NY, *for Respondent-Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED.**

Appellants Christopher McLoughlin Keough, Quantum Hedge Strategies Fund, LP, and SIM Hedged Strategies Trust ("Appellants") appeal from a December 17, 2012 decision and order of the United States District Court (Castel, *J.*) affirming a June 1, 2012 decision and order of the United States Bankruptcy Court for the Southern District of New York (Lifland, *J.*) denying Appellants' motion for an order confirming that the Appellants are holders of allowed limited partner interests and members of Class 4 entitled to distribution under the Amended Plans. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

\* \* \*

"As an order of the district court functioning in its capacity as an appellate court in a bankruptcy case is subject to plenary review, we 'independently review the factual determinations and legal conclusions of the bankruptcy court.'" *In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010) (quoting *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994)). We accept the bankruptcy court's factual findings unless they are clearly erroneous and review its conclusions of law *de novo*. *Id.* (citation omitted). We review the bankruptcy court's use of its equitable powers for abuse of discretion. *In re Wireless Data, Inc.*, 547 F.3d 484, 492 (2d Cir. 2008).

Appellants argue that the bankruptcy court lacked authority to require them to file proofs of interest because the Bankruptcy Code deemed their interests filed. Section 1111(a) of the Code provides that "[a] proof of claim or interest is deemed filed under section 501 . . . for any claim or

2

interest that appears in the schedules filed under section 521(a)(1) . . . except a claim or interest that is scheduled as disputed, contingent, or unliquidated." Appellants contend that their interests are deemed filed because they were listed on the schedules of Greenwich Sentry and its affiliate Greenwich Sentry Partners ("GS" or "Debtors") and were not marked as disputed, contingent, or unliquidated. As a result, Appellants argue that the bankruptcy court lacked authority under 11 U.S.C. § 105(a) to issue the Extended Bar Order requiring Appellants to file proofs of interest.

Appellants' argument is without merit. Assuming, *arguendo*, that Attachment B to the Debtors' Statement of Financial Affairs ("SOFA") is a schedule as referenced by 11 U.S.C. § 1111(a), the bankruptcy court determined that "it was not evident" from this attachment "whether scheduled limited partners were required to file proofs of interest" because the attachment itself is ambiguous as to whether the listed interests are liquidated or unliquidated. We discern no error in this determination and further conclude that in such a circumstance, the bankruptcy court acted well within its discretion in issuing the Extended Bar Order.

The terms liquidated and unliquidated generally refer to the value of a claim or interest, the size of the corresponding debt, and the "ease with which that value can be ascertained." *In re Mazzeo,* 131 F.3d 295, 304 (2d Cir. 1997). The Debtor is not required to use the word "unliquidated" to indicate that a particular claim is unliquidated. *See In re The Rath Packing Co.*, 55 B.R. 528, 534 (Bankr. N.D. Iowa 1985) (claim listed in "an unknown amount" is unliquidated). Instead, if a claim's value is "easily ascertainable" it is "generally viewed as liquidated," whereas a value that depends on "a future exercise of discretion" is considered unliquidated. *In re Mazzeo,* 131 F.3d at 304 (internal citations omitted).

3

Here, Attachment B to the Debtors' SOFA lists the limited partners' equity interests (including the Appellants') as an "Estimated Percentage Ownership." In a footnote GS explains:

> This list of equity holders is based upon the administrator's records of investors in Greenwich Sentry, L.P. and in Greenwich Sentry Partners, L.P. as of November 30, 2008. This list may include limited partners that made redemption requests prior to November 30, 2008, but to whom no redemption payments were made as a result of the disclosure on or about December 11, 2008 of the ponzi scheme that had been operated by Bernard L. Madoff Investment Securities LLC.

Joint Appendix 180. Thus, Attachment B clearly indicated that the percentage ownership interests it lists are estimated, and perhaps because they are subject to redemption payments. In such circumstances, the bankruptcy court did not err in concluding that it was at least ambiguous whether the interests were listed as unliquidated or not.

Section 105(a) of the Bankruptcy Code authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This equitable authority has its limits. Thus, § 105(a) cannot be used to circumvent specific sections of the Code. *See In re Barbieri*, 199 F.3d 616, 620-21 (2d Cir. 1999). But § 105(a) does confer authority to "fill the gaps left by the statutory language," *In re Smart World Technologies, LLC*, 423 F.3d 166 (2d Cir. 2005), and to "exercise equity in carrying out the *provisions* of the Bankruptcy Code." *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91–92 (2d Cir. 2003).

Here, the bankruptcy court determined that Attachment B had created confusion as to whether the limited partnership interests it listed were liquidated or not. Therefore it was not clear whether the deeming requirements in § 1111(a) of the Bankruptcy Code applied. The bankruptcy court issued the Extended Bar Order to clarify the situation and to tell claim and interest holders

4

what they must do. By its clear terms the Extended Bar Order required the Appellants to file proofs of interest. This use of § 105(a) authority in no way contravened any Code provision, but instead furthered the flexibility and workability of the Bankruptcy Code by clarifying what § 1111(a) required in this situation.

Appellants also argue, finally, that even if the bankruptcy court had authority to require them to file proofs of interest, it was inequitable to require them to do so and to deprive them of their interests as a result of their failure to file. We review the bankruptcy court's use of its equitable powers for abuse of discretion, *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 492 (2d Cir. 2008), and discern no error, much less abuse here.

After the first Bar Order, certain unfiled limited partners (not the Appellants) and the Liquidating Trustee disagreed whether the unfiled limited partners had to file proofs of interest or if their interests were deemed filed under § 1111(a). After negotiations, the unfiled partners, the Liquidating Trustee, and the bankruptcy court agreed to resolve this confusion with the Extended Bar Order. This Extended Bar Order gave all parties additional time to file proofs of claims and interests. It also expressly required that all limited partners (including the Appellants) file proofs of interest even if their interests were listed on the Debtors' SOFA. Despite the clear language of the Extended Bar Order (which expressly noted that **"REGARDLESS OF WHETHER YOUR INTEREST IS NOT SCHEDULED AS 'DISPUTED,' 'CONTINGENT' OR 'UNLIQUIDATED' IN THE LIST OF EQUITY HOLDERS ANNEXED TO EACH DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS, YOU ARE STILL REQUIRED TO FILE A TIMELY PROOF OF INTEREST"**), the Appellants failed to file proofs of interest. They have offered no reason why they did not file, nor have they argued that it would have been a

5

hardship.  Appellants do not claim they failed to receive or understand the Extended Bar Order.  In such circumstances, we discern no abuse of discretion or error in the bankruptcy court's determination that Appellants' interests should be disallowed.

We have reviewed Appellants' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk