FILED

U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**February 3, 2026**

**Anne Zoltani**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE LORENZO LUCIANO LOPEZ, | BAP No. UT-25-2 |
| Debtor. | |
| _____ | |
| LORENZO LUCIANO LOPEZ, | Bankr. No. 24-26705 |
| Appellant, | Chapter 13 |
| v. | |
| LON A. JENKINS, Chapter 13 Trustee, and AUNTIE TUT TRUST, | OPINION |
| Appellees. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Utah

_____

Submitted on the briefs.[2]

_____

Before **ROMERO**, Chief Judge, **HALL**, and **LOYD**, Bankruptcy Judges.

_____

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] After examining the briefs and appellate record, the Court has determined unanimously oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019(b)(3). The case is, therefore, ordered submitted without oral argument.

**HALL**, Bankruptcy Judge.

This appeal presents the all-too frequently used, but rarely successful, scheme to preserve property interests on the eve of judicial or extra-judicial sale of real property following default using a repeated pattern of transfers and bankruptcy filings. Specifically, this scheme involves a series of transfers of an interest in the subject real property to "connected" persons and/or entities followed by subsequent, successive bankruptcy filings in an effort to stop such sales by imposition of the automatic stay. The courts recognize these schemes for what they are—an abuse of the bankruptcy process— just as the Bankruptcy Court did below and this Court does herein albeit at a relatively early stage.

## I.    Background and Procedural History

In July 2013, Mr. Johnathan Darger ("Darger") executed a "Secured Promissory Note" payable to Appellee Auntie Tut Trust (the "Trust") secured by a "Trust Deed" on property located at 13887 S. Lamont Lowell Circle, Herriman, Utah (the "Property").[3] The next month, Darger transferred the Property via warranty deed to Ultimate Estates, LLC.[4] Then, in 2018, Ultimate Estates, LLC transferred the Property to Ultimate Enterprise, LLC.[5] On December 30, 2024, the Property was transferred by Ultimate Enterprise, LLC to itself and Appellant Lorenzo Lopez ("Lopez") via quitclaim deed. [6]

---

[3] *Secured Promissory Note* in Appellant's App. at 51; *Trust Deed* in Appellant's App. at 55.
[4] *Warranty Deed* in Appellant's App. at 65.
[5] *Warranty Deed* in Appellant's App. at 68.
[6] *Quit Claim Deed* in Appellant's App. at 71.

The succession of related bankruptcy cases began on January 29, 2024, when Darger filed a chapter 13 case, specifically Case No. 24-20354 in the Bankruptcy Court, only one day prior to a scheduled Trustee's sale of the Property on January 30, 2024.[7] The First Case was subsequently dismissed on April 9, 2024, for Darger's failure to file required documentation.[8] A new Trustee's sale of the Property was scheduled for June 5, 2024;[9] however, Darger filed the Second Case on June 4, 2024.[10] The Second Case was dismissed on July 25, 2024, again for Darger's failure to file required documentation. Immediately prior to a third scheduled Trustee's sale of the Property, and immediately after the Property had been conveyed to him, Lopez filed a chapter 13 case on December 30, 2024, specifically Case No. 24-26705 ("Third Case").[11]

On December 31, 2024, the Trust filed a motion to dismiss the chapter 13 case, for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1),[12] and for in rem stay relief pursuant to § 362(d)(4), arguing "the filing of the petition was part of a scheme to

---

[7] The Bankruptcy Court took judicial notice of Darger's prior chapter 13 bankruptcy cases, Case Nos. 24-20354 ("First Case") and 24-22721 ("Second Case"). *Transcript of January 14, 2025 Hearing* at 7–8 in Appellant's App. at 255–56. *See also Proof of Publication [of Notice of Trustee's Sale]* in Appellant's App. at 89–90. It is well established a court may take judicial notice of its own records as well as records of other courts, particularly in closely related cases. *Hutchinson v. Hahn*, 402 F. App'x 391, 394–95 (10th Cir. 2010) (unpublished) (citing *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[8] *Transcript of January 14, 2025 Hearing* at 8 in Appellant's App. at 256.

[9] *Notice of Trustee's Sale* in Appellant App. at 94–96.

[10] *Transcript of January 14, 2025 Hearing* at 8 in Appellant's App. at 256.

[11] *Quit Claim Deed* in Appellant's App. at 71; *Voluntary Petition* in Appellant's App. at 24–32.

[12] Unless otherwise noted, all references to "Section," "§," "Bankruptcy Code," and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, et seq., and all references to the "Rules" refer to the Federal Rules of Bankruptcy Procedure.

delay, hinder, or defraud creditors" (the "Stay Motion").[13] The Bankruptcy Court scheduled a hearing on the Stay Motion for January 14, 2025.[14] On January 13, 2025, Lopez filed a motion to voluntarily dismiss his case pursuant to § 1307(b) (the "Voluntary Dismissal Motion").[15] Later the same day, Lopez filed an objection to the Stay Motion arguing the Bankruptcy Court lacked jurisdiction over the Stay Motion once the Voluntary Dismissal Motion had been filed.[16]

On January 14, 2025, the Bankruptcy Court conducted the scheduled hearing, at which Lopez did not appear, and subsequently entered a Minute Order, which provided: "Stay relief under both § 362(d)(1) and § 362(d)(4)(B) is granted. The waiver of the 14-day stay of FRBP 4001(a)(4) is granted. The case will be dismissed after entry of the stay relief order."[17] A few hours later, the Bankruptcy Court entered an order granting the request for relief from the automatic stay (the "Stay Relief Order").[18] Shortly thereafter, the Bankruptcy Court entered an order granting the Voluntary Dismissal Motion and dismissing Lopez's case (the "Dismissal Order").[19] The Dismissal Order also provided, "since [Lopez] requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title,

---

[13] 11 U.S.C. § 362(d)(4)(B).

[14] Docket Sheet in Third Case in Appellant's App. at 19, ECF No. 11.

[15] *Ex Parte Request for Voluntary Dismissal of Chapter 13 Bankruptcy Case without Prejudice*, Bankr. ECF No. 18.

[16] *Objection*, Bankr. ECF No. 20.

[17] January 14, 2025 Minute Entry (unnumbered docket text entry).

[18] Stay Relief Order, Bankr. ECF No. 28.

[19] Dismissal Order in Appellant's App. at 203.

[Lopez] is prohibited from filing another bankruptcy petition for 180 days after entry of this dismissal order in accordance with § 109(g)(2)."[20]

On January 28, 2025, Lopez appealed the Stay Relief Order and the Dismissal Order.[21] On January 31, 2025, this Court issued an *Order Construing Notice of Appeal as Two Notices of Appeal*, which assigned the Stay Relief Order to UT-25-1[22] and the Dismissal Order, as well as an unsigned dismissal order Lopez also appealed, to UT-25-2.[23] Lopez did not seek a stay pending appeal of any of these orders.

## II.    Jurisdiction

The BAP has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[24] Lopez timely filed a notice of appeal from the Dismissal Order, which is a final order.[25] No party has elected to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

---

[20] Dismissal Order at 1–2 in Appellant's App. at 204–05.

[21] *Notice of Appeal*, Bankr. ECF No. 40.

[22] On August 7, 2025, this Court entered an unpublished opinion determining the Bankruptcy Court had jurisdiction to enter the Stay Relief Order and dismissing Case No. UT-25-1 as moot.

[23] BAP ECF No. 2.

[24] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[25] *In re Shattuck*, 411 B.R. 378, 382 (10th Cir. BAP 2009) (An "order dismissing [a] . . . Chapter 13 case is a final order.").

### III.    Issues on Appeal and Standard of Review

Although Lopez lists eight issues in his opening brief,[26] they can be distilled into one overarching issue on appeal: whether the Bankruptcy Court erred in ruling on the Stay Motion before granting the Voluntary Dismissal Motion.[27] The issue raised on appeal involves the interpretation and application of § 1307(b), and a bankruptcy court's interpretation and application of the Code is reviewed de novo.[28]

### IV.    Discussion

#### A.  Statutory Framework

Section 1307(b) provides in relevant part: "On request of the debtor, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall

---

[26] "[1] Whether the Bankruptcy Court erred by failing to immediately grant Appellant's ex parte request for voluntary dismissal under 11 U.S.C. § 1307(b). [2] Whether the Bankruptcy Court improperly treated Appellant's statutory right to dismissal as a motion requiring a hearing. [3] Whether the Bankruptcy Court erred in holding any hearings after the dismissal request was filed. [4] Whether the Bankruptcy Court abused its discretion in delaying dismissal or denying it in violation of binding authority. [5] Whether the Bankruptcy Court failed to follow controlling or persuasive case law provided by Appellant. [6] Whether the Bankruptcy Court erred by granting in rem relief after the case had been dismissed or was required to be dismissed. [7] Whether the order granting in rem relief and dismissal (Docket Entry 34) was internally inconsistent and contrary to law. [8] Whether the Bankruptcy Court failed to cite any legal authority to justify its rulings." Appellant's Br. at 3–4.

[27] To the extent Lopez failed to make arguments in support of his stated issues on appeal, those issues are waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998)). Additionally, to the extent Lopez argues the Bankruptcy Court erred in entering the Stay Relief Order or violated Rule 7052 in connection with the Stay Relief Order, those issues are not before the Court as the appeal of the Stay Relief Order was dismissed as moot. The remaining issues are largely overlapping and are tied to Lopez's challenge to the Order Dismissing Appeal.

[28] *In re Taylor*, 737 F.3d 670, 674–75 (10th Cir. 2013) (reviewing whether a bankruptcy court erred in its interpretation of the Code de novo).

dismiss a case under this chapter [i.e., chapter 13]." This section is generally regarded to confer upon a chapter 13 debtor an absolute right to dismiss, subject to the single exception noted expressly in the statute itself where a debtor has already exercised his right to convert the case to chapter 13 from chapters 7, 11, or 12.[29] Under the majority view, this absolute right to dismiss is not subject to an implied condition of good faith and cannot be denied because of a pending motion to dismiss or convert for cause under § 1307(c).[30]

Additionally, Rule 1017(f)(2) establishes specific procedures for voluntary dismissals under § 1307(b) and requires a "motion filed and served" in accordance with Rule 9013, which governs "request[s] for an order" by "written motion" (unless the request is made at a hearing). While nothing in the Rules or Code requires a hearing when a debtor seeks to voluntarily dismiss a case under § 1307(b), nothing suggests holding a hearing on such a motion or other matter prior to dismissal is prohibited.[31] At least one bankruptcy court has noted,

---

[29] *In re Robinson*, No. UT–02–043, 2003 WL 1442465, at *4 (10th Cir. BAP Mar. 21, 2003) (unpublished) ("This provision is generally regarded as giving a Chapter 13 debtor an absolute right to dismiss[.]" (citing *In re Barbieri*, 199 F.3d 616, 619–22 (2d Cir. 1999) and 4 Keith M. Lundin, *Chapter 13 Bankruptcy*, § 330.1 (3d ed. 2002))).

[30] *See* Alan N. Resnick and Henry J. Sommer, 8 *Collier on Bankruptcy* ¶ 1307.03 (16th ed. 2025) (citing *In re Barbieri*, 199 F.3d 616 (2d Cir. 1999); *In re Smith*, 999 F.3d 452 (6th Cir. 2021); and *In re Nichols*, 10 F.4th 956 (9th Cir. 2021)).

[31] *Compare In re Rebeor*, 89 B.R. 314, 322 (Bankr. N.D.N.Y. 1988) ("Where dismissal is granted pursuant to the debtor's request, the court is not even required to hold a hearing on notice prior to dismissal." (citation omitted)); Fed. R. Bankr. P. 1017, Advisory Committee Note (1987) ("[D]ismissal . . . pursuant to . . . § 1307(b) is not automatically a contested matter under Rule 9014. . . . No hearing is required on [a § 1307(b)] motion[] unless the court directs."); and Alan N. Resnick and Henry J.

the better procedure is for the Clerk to issue a notice with a stated response deadline to parties in interest of a Debtor's motion to voluntarily dismiss a Chapter 13 case under § 1307(b) before entering the order granting the motion. This way, the court can ascertain whether or not any party seeks to have the court condition the debtor's dismissal based on bad faith or other inequitable conduct.[32]

Similarly, there is nothing in the Rules or Code (i) making § 1307(b) motions self-executing,[33] (ii) requiring immediate dismissal or governing the time by which the

---

Sommer, 8 Collier on Bankruptcy, ¶ 1307.03 (16th ed. 2015) ("[B]ecause there is no right to contest the dismissal, the procedures of Bankruptcy Rule 9013, rather than Bankruptcy Rule 9014, are followed. No hearing is required.") *with In re Campbell*, No. 07–457, 2007 WL 4553596, at *6 (Bankr. N.D. W. Va. Dec. 18, 2007) (unpublished) ("Rule 9013 seems to imply that any proceeding that is initiated by or denominated a 'motion' commences a 'contested matter' under Rule 9014. But, Rule 9014 permits the court to direct a response to the motion. If a response is filed which creates an issue, then, consistent with Code § 102 (Rules of Construction), a notice and a hearing before a Bankruptcy Judge is expected." (quoting William L. Norton, Jr., and William L. Norton, III, *2007 Norton Quick Reference Pamphlet, Bankruptcy Code and Rules*, 370 (2007))) and *In re Davis*, 352 B.R. 758, 765 (Bankr. D.S.C. 2006) ("Notice to creditors and an opportunity for hearing is required because, if for no other reason, the court may condition the dismissal as provided by § 349.")

[32] *In re Campbell*, 2007 WL 4553596, at *6.

[33] *See, e.g.*, *United States v. Freeman*, 631 F. App'x 784, 786 (11th Cir. 2015) (unpublished) ("notice of voluntary dismissal constituted only a request for dismissal, not a self-executing dismissal itself."); *Ross v. AmeriChoice Fed. Credit Union*, 530 B.R. 277, 289 (E.D. Pa. 2015) (The "§ 1307(b) motion was not self-executing. Therefore, the Bankruptcy Court did not err in 'continuing proceedings in the case' after the motion was filed"), *rev'd on other grounds*, 858 F.3d 779, 785 (3d. Cir. 2017); *In re Kelly*, 671 B.R. 432, 450 (D. Md. 2025) ("The bankruptcy court's error was harmless because even if it had granted Kelly's motion to dismiss, nothing in the Code prevents the bankruptcy court from granting the motion to dismiss with prejudice and imposing additional sanctions. A motion to dismiss under § 1307(b) is not . . . self-executing.).

8

dismissal order must be entered,[34] or (iii) limiting the effects of the dismissal.[35] Although

neither the Tenth Circuit nor this Court has addressed whether delaying dismissal under

§ 1307(b) to dispose of a pending motion for relief from the automatic stay impedes a

debtor's absolute right to dismiss, other courts have addressed analogous issues as cited

above. They echo this consensus: although a right to dismiss under § 1307(b) is absolute

---

[34] *See, e.g.*, *In re Kemp*, No. 21-40365, 2022 WL 50368, at \*5 (Bankr. D. Kan. Jan. 5, 2022) (unpublished) ("[A] requirement of immediate dismissal would conflict with the possibility of remedial conditions authorized under § 349(a).") and *In re Merritt*, 39 B.R. 462, 464 (Bankr. E.D. Pa. 1984) ("Although § 1307(b) gives the debtor an absolute right to dismissal if the case has not previously been converted, the section does not govern the time or manner by which the order of dismissal must be entered.").

[35] *See, e.g.*, *In re Duran*, 630 B.R. 797, 811 (9th Cir. BAP 2021) ("the [§ 1307(b)] motion provides a platform for considering the § 349(a) question of the effect of the dismissal"); *In re Minogue*, 632 B.R. 287, 293–94 (Bankr. D.S.C. 2021) (holding the absolute right to dismiss "does not preclude the view that other portions of the [ ] Code . . . provide the Court with authority to issue remedial orders in addition to an order granting a debtor's motion to dismiss under § 1307(b)."); *In re Hamlin*, No. 09–05272–8–SWH, 2010 WL 749809, at \*4 (Bankr. E.D.N.C. Mar. 1, 2010) (unpublished) ("[T]he absolute right to dismiss pursuant to § 1307(b) . . . is not entirely unconditional. . . . § 1307(b) . . . does not prevent the court, under appropriate circumstances, from delaying entry of a voluntary dismissal in order to protect creditor rights." (citation modified)); *In re Campbell*, 2007 WL 4553596, at \*4 ("[P]arties in interest are entitled to request that the Debtor's motion to dismiss be conditioned pursuant to § 349."); *In re Dilley*, 125 B.R. 189, 195 (Bankr. N.D. Ohio 1991) ("There is nothing to suggest that the Court should not 'order otherwise' [under § 349(a)] in the case of a voluntary dismissal under section 1307(b)[.]"); *In re Greenberg*, 200 B.R. 763, 767 (Bankr. S.D.N.Y. 1996) ("[A] dismissal with conditions does not contravene the debtor's absolute right to dismiss her case under section 1307(b)."); *In re Harper-Elder*, 184 B.R. 403, 407 (Bankr. D. D.C. 1995) ("[U]nlike the motion to convert, the court's imposition of sanctions represents an exercise of the court's inherent power to police the litigants, which is clearly contemplated by § 109(g) and in no way impinges on the debtor's absolute right to dismiss.").

(i.e., a bankruptcy court has no discretion and must dismiss), the dismissal is not required to be immediate or unconditional.[36]

### B.  Appellant's Arguments

Lopez argues he had an absolute statutory right to "immediate[] and unconditional[]" dismissal of his case under § 1307(b), which required the Bankruptcy Court to grant the Voluntary Dismissal Motion without holding a hearing or exercising discretion. Thus, Lopez contends the Bankruptcy Court erred by holding a hearing[37] and issuing the Stay Relief Order once he filed the Voluntary Dismissal Motion. Specifically, he argues "once dismissal was triggered," any further requested relief was moot and improper. In support, Lopez relies on the plain language of § 1307(b) ("the court shall dismiss") and the following cases: *In re Jacobsen*[38] and *In re Barbieri*.[39] Finally, Lopez

---

[36] *Freeman*, 631 F. App'x at 786; *Ross*, 530 B.R. at 289; *In re Kemp*, 2022 WL 50368, at \*5; *In re Merritt*, 39 B.R. at 464; *In re Duran*, 630 B.R. at 811; *In re Minogue*, 632 B.R. at 293–94; *In re Hamlin*, 2010 WL 749809, at \*4; *In re Campbell*, 2007 WL 4553596, at \*4; *In re Dilley*, 125 B.R. at 195; *In re Greenberg*, 200 B.R. at 767; *In re Harper-Elder*, 184 B.R. at 407.

[37] Lopez also argues no hearing was "necessary or appropriate" suggesting he also argues it was legal error to hold a hearing and the Bankruptcy Court abused its discretion in holding a discretionary hearing. Appellant's Br. at 5.

[38] *In re Jacobsen*, 609 F.3d 647, 660 (5th Cir. 2010) (holding "a bankruptcy court has the discretion to grant a pending motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or abused the bankruptcy process and requested dismissal under § 1307(b) in response to the motion to convert.").

[39] *In re Barbieri*, 199 F.3d 616 (2d Cir. 1999) ("[N]otwithstanding a debtor's [absolute right to] voluntary dismissal of a Chapter 13 petition, the Bankruptcy Court has the power . . . to impose sanctions. . . . In addition, under 11 U.S.C. §§ 349(b) and 362(c), a voluntary dismissal results in the debtor forfeiting the protections afforded by the automatic stay." (citation modified)).

argues the Bankruptcy Court failed to cite any authority to justify its actions in its oral rulings or written orders and, thus, violated Rule 7052.

### C. Analysis

The Bankruptcy Court did not err in conducting a hearing on the Voluntary Dismissal Motion as nothing in the Code or binding authority prohibits a court from setting and conducting a hearing. The Bankruptcy Court also did not err in delaying entry of the Dismissal Order to consider and rule on the Stay Relief Motion.[40]

As discussed above, a debtor's absolute right to dismiss under § 1307(b) is not required to be immediate or unconditional. As such, there is no error in delaying entry of a voluntary dismissal under § 1307(b) to rule on a pending motion for relief from the automatic stay. This determination is also supported by the relevant procedural rules governing such motions; a debtor must file a written motion, and serve it in accordance with Rule 1017, and the court must enter a dismissal order. In other words, by the express terms of § 1307(b) and Rule 1017, immediate dismissal is not required. Further, nothing in the Code's express terms prohibits a court from ruling on a pending motion for relief from the automatic stay before granting a voluntary dismissal under § 1307(b).

Nor did the Bankruptcy Court err in imposing filing restrictions in the Dismissal Order. In fact, as set forth below, § 109(g)(2) required imposition of such restrictions on any dismissal. Even if the Bankruptcy Court had immediately granted Lopez's request for

---

[40] *In re Jacobsen* and *In re Barbieri* are not binding and appear inapposite to the issue before the Court here and, if anything, support a position contrary to Lopez's arguments.

dismissal, § 109(g)(2) would have operated to bar him from filing another bankruptcy case for 180 days because Lopez requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay.[41]

Finally, Lopez's argument the Bankruptcy Court violated Rule 7052 is not persuasive. In the Dismissal Order, the Bankruptcy Court stated as follows: "For the reasons stated on the record at the hearing, which are incorporated herein by reference, the Court found both stay relief and dismissal were appropriate."[42] At the hearing, the Bankruptcy Court made substantial findings supporting bad faith, and thus, concluded Lopez's case was filed in bad faith.[43] Specifically, the Bankruptcy Court rejected Lopez's argument the case must be immediately dismissed under § 1307(b) before ruling on the request for stay relief and concluded "that dismissal isn't required to be either immediate or unconditional. Courts have long recognized the authority at minimum under Section 349(a) of the Bankruptcy Code to impose strings on the dismissal to prevent abuse, and

---

[41] 11 U.S.C. § 109(g)(2). Although some courts have entered dismissal orders nunc pro tunc under § 1307(b), *see, e.g.*, *In re Campbell*, No. 07–457, 2007 WL 4553596, at *4 (Bankr. N.D. W. Va. 2007) (unpublished) ("[G]iven the voluntary nature of Chapter 13, an order granting a § 1307(b) request for a dismissal should be entered nunc pro tunc to the date of the filing of the request."); *In re Hamlin*, No. 09–05272–8–SWH, 2010 WL 749809, at *4 (Bankr. E.D.N.C. Mar. 1, 2010) (unpublished) (same), there is no Tenth Circuit authority providing for or requiring this nunc pro tunc approach, and the Bankruptcy Court did not take such an approach. Accordingly, nothing suggests the Bankruptcy Court was divested of jurisdiction to rule on the Stay Relief Motion or the imposition of conditions on dismissal was error.

[42] Dismissal Order at 1 in Appellant's App. at 204.

[43] *Transcript of January 14, 2025 Hearing* at 7–15 in Appellant's App. at 255–63. The Bankruptcy Court stated, "this Chapter 7 case was filed by Mr. Lopez in bad faith." *Id*. at 14 in Appellant's App. at 262. Although the Bankruptcy Court referenced "chapter 7," the record makes clear it was addressing Lopez's chapter 13 case. The misstatement was clerical and, at most, harmless error.

address bad faith conduct which the court has already found to exist."[44] These findings

appear more than sufficient to comply with Rule 7052.

## V.    Conclusion

Based on the above, we AFFIRM.

---

[44] *Id.* at 15 in Appellant's App. at 263.