**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CHARITY M. SEYMOUR,<br><br>Debtor,<br><br>––––––––––––––––––––––––<br><br>CHARITY M. SEYMOUR,<br><br>Appellant,<br><br>v.<br><br>BANK OF AMERICA; STEPHEN CHARLES FERLMANN, Attorney, Chapter 7 Trustee,<br><br>Appellees. | No. 13-60080<br><br>BAP No. 11-1669<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted April 22, 2015**

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

––––––––––––––––

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Charity M. Seymour appeals pro se from the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's judgment dismissing Seymour's adversary proceeding against her creditor Bank of America. We have jurisdiction under 28 U.S.C. § 158. We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly dismissed Seymour's adversary proceeding because she lacked standing to prosecute the claims, which arose pre-petition and were accordingly property of the estate. *See Estate of Spirtos v. One San Bernardino Cnty. Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) (bankruptcy code endows bankruptcy trustee with exclusive right to sue on behalf of the estate); *Cusano v. Klein*, 264 F.3d 936, 945-47 (9th Cir. 2001) (unscheduled asset continues to belong to estate and does not revert back to debtor when case closes).

The bankruptcy court did not abuse its discretion when it denied Seymour leave to amend because any amendment would have been futile. *See Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007) (stating standard of review); *see also Brawders v. County of Ventura (In re Brawders)*, 503 F.3d 856, 867-68 (9th

13-60080

Cir. 2007) (absent some action by the representative of the bankruptcy estate, liens ordinarily pass through bankruptcy unaffected).

**AFFIRMED.**