**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. EC-17-1075-KuFS |
| | EC-17-1106-KuFS |
| CHARITY MAE SEYMOUR, | (consolidated) |
| Debtor. | Bk. No. 16-bk-27693-RSB |
| CHARITY MAE SEYMOUR, | |
| Appellant, | |
| v. | M E M O R A N D U M* |
| RUSSEL D GREER, Chapter 13 Trustee; U.S. BANK, NATIONAL ASSOCIATION; FORD MOTOR COMPANY LLC, | |
| Appellees. | |

Submitted Without Argument
on October 26, 2017**

Filed - November 9, 2017

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

_____

Appearances:    Charity M. Seymour, pro se on brief; Lee S. Raphael and Cassandra J. Richey of Prober & Raphael on brief for appellee U.S. Bank, N.A.

_____

---

*     This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

**     By order entered on September 25, 2017, a motions panel determined these appeals suitable for submission on the briefs and record without oral argument.

-1-

Before:  KURTZ, FARIS, and SPRAKER, Bankruptcy Judges.

Charity Mae Seymour (Debtor) appeals from the bankruptcy court's orders:  (1) dismissing her chapter 13[1] case under § 1307(c)(4) because her plan payments were insufficient (BAP No. EC-17-1075); and (2) denying her motion for reconsideration of an order sustaining the objection of appellee, U.S. Bank National Association (Bank), to Debtor's chapter 13 plan on the ground that the motion was moot because the order dismissing her case was entered and there was no stay pending appeal (BAP No. EC-17-1106).  For the reasons explained below, we AFFIRM both orders.

## I. FACTS

### A.   The Dispute Between Debtor And Bank[2]

In August 2006, Debtor borrowed $582,250 (Loan) from Remae Mortgage Corporation.  In exchange for the Loan, Debtor executed an Adjustable Rate Note (Note) and a Deed of Trust (Deed of Trust) against real property located on Magnolia Street in Stockton, California (Property).  In April 2008, Debtor defaulted under the Loan documents.  Foreclosure proceedings

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Some of the background facts are taken from a previous case involving Debtor and her dispute with Bank of America, N.A. and others with respect to the foreclosure of her property. Seymour v. Bank of Am., N.A. (In re Seymour), BAP No. EC-11-1669-MkDJu, 2013 WL 1736471 (9th Cir. BAP April 23, 2013).  Bank, as trustee, is the successor in interest to the mortgagee's interest.

-2-

were commenced and a trustee's sale was scheduled.

In response to the commencement of the foreclosure proceedings, Debtor filed a civil action in the United States District Court for the Eastern District of California against her mortgage lender (Bank's predecessor) alleging, among other things, violations of the Truth in Lending Act, wrongful foreclosure, mortgage origination fraud, and fraudulent assignment. The district court dismissed the action as against certain defendants in June 2010 with prejudice, and Debtor stipulated to dismissal of the remaining defendants in December 2010. Debtor's motion for relief from the dismissal was denied in June 2011. The Ninth Circuit Court of Appeals affirmed the district court's order in November 2011.

In conjunction with her civil action, Debtor used the bankruptcy process to avoid foreclosure. She filed a chapter 13 case in the bankruptcy court for the Eastern District of California, followed by a chapter 11 case. Both cases were dismissed.

Debtor also filed a chapter 7 case in June 2011 and initiated an adversary proceeding against Bank and others, seeking to enjoin them from foreclosing on her residence. Bank moved to dismiss her complaint, which the bankruptcy court granted without leave to amend in November 2011. The bankruptcy court held, among other things, that Debtor lacked standing to prosecute the adversary complaint, explaining that the complaint raised claims that arose prior to the filing of her bankruptcy case and thus those claims were property of her bankruptcy estate which could be only pursued by her chapter 7 trustee.

-3-

Debtor appealed the dismissal ruling to this Panel. The Panel modified the bankruptcy court's dismissal order to clarify that the adversary proceeding was dismissed based on Debtor's lack of standing, as the chapter 7 trustee had the exclusive right to sue on behalf of the estate. The Panel affirmed the dismissal order, as modified. See In re Seymour, 2013 WL 1736471. The Ninth Circuit Court of Appeals affirmed the Panel's decision in May 2015. 601 F. App'x 572 (9th Cir. May 4, 2015). Debtor received her chapter 7 discharge on October 13, 2011.

To date, no foreclosure sale has occurred, and Debtor has made no payments for almost nine years.

**B.    Bankruptcy Events**

Debtor filed this chapter 13 case on November 18, 2016. In her opening brief, Debtor states that she filed this case to challenge the security interest and validity of Bank's in rem lien rights.

**1.    Debtor's Chapter 13 Plan And Amended Plan**

Debtor filed her chapter 13 plan on December 2, 2016. The plan provided for monthly payments of $1,260.39 to the chapter 13 trustee (Trustee) for 36 months. Debtor's plan did not provide for mortgage payments, instead stating that Debtor would avoid Bank's lien on her Property via an adversary proceeding. Debtor listed Bank's claim as unsecured in the amount of $45,374.07 (this amount apparently was for property taxes that Bank had advanced on her behalf). Her plan also provided for a 90% dividend to class 7 unsecured claims which totaled approximately $45,374.07 - the same amount of Bank's

-4-

claim.

In an additional provision to the plan, Debtor contended that the plan was feasible dependent on filing an adversary proceeding to void Bank's mortgage. Debtor maintained that although she lacked standing to bring her adversary complaint against Bank in her chapter 7 case, she now intended to quiet title by asking Trustee or the bankruptcy court to disallow Bank's claim in rem, as part of a plan to repay the property taxes improperly paid by Bank and quiet her title to the real property. Debtor cited numerous authorities, including Johnson v. Home State Bank, 501 U.S. 78 (1991), which she argued stood for the proposition that a chapter 13 debtor could use the lien avoidance provisions in the Bankruptcy Code. Debtor asserted that her standing to pursue the avoidance of Bank's lien had been "restored."

Bank objected to the plan, contending that Debtor failed to provide for the maintenance of post-petition payments, used an improper procedure for avoidance of Bank's lien, and filed the case in bad faith. Bank also argued that the plan was not feasible and that Debtor's plan attempted to modify its original Note and Trust Deed/Mortgage in direct violation of § 1322(b)(2). Finally, Bank asserted that it was owed the amount of $580,000 and arrears in about the same amount.

Ford Motor Credit Company LLC (FMCC) also objected to the plan since it did not provide for any payments to FMCC in relation to Debtor's car debt.

Finally, Trustee objected, contending that the plan: (1) failed the liquidation test since Debtor's schedules showed

-5-

$161,000 in nonexempt assets for distribution; (2) was not proposed in good faith since it failed to provide for payment to FMCC; and (3) was not feasible since Debtor failed to provide for amounts owing to Bank.

After these objections, Debtor "re-noticed" the confirmation hearing to a later date and filed an amended plan on February 1, 2017. Her amended plan provided for installments to FMCC directly by Debtor and increased plan payments to $1,396.96. No significant changes were made to the treatment of Bank.

**2.      Trustee's Motion To Dismiss**

On February 14, 2017, Trustee filed a motion to dismiss (MTD) Debtor's case and filed notice of the hearing scheduled for February 28, 2017. Trustee's dismissal request was based on § 1307(c)(1) - unreasonable delay that was prejudicial to creditors - and § 1307(c)(4) - payments were not current under the plan. Trustee submitted the declaration of his employee, Leticia Macias, who declared that as of February 14, 2017, Debtor was in default of her plan payments by $273.14.[3]

**3.      The Bankruptcy Court's Ruling On Bank's Objection To Debtor's Original Plan**

Two weeks prior to the scheduled February 28, 2017 hearing on Trustee's MTD, the bankruptcy court sustained Bank's objection to Debtor's original plan. In a detailed ruling, the court reviewed the history of Debtor's court filings and the

---

[3] The difference between Debtor's original plan payments and her amended plan payments was $136.57. Therefore, Debtor was two months in arrears based on the $273.14 used by Trustee.

-6-

lack of merit in her positions. The bankruptcy court noted:

> With this latest bankruptcy case, the debtor seeks exactly what she sought in her district court action and her adversary proceeding in her chapter 7 case - she seeks to extinguish the Bank's lien against her residence without paying anything to the Bank except, apparently, property taxes the Bank appears to have advanced on her behalf. . . . The Bank, on the other hand has submitted evidence that the Bank is owed pre-petition arrears of $560,484. The Bank contends, and the debtor does not deny, she has made no payments in almost nine years.

The court further discussed Debtor's additional provision to her plan by refuting her authorities that allegedly stood for the proposition that she could avoid Bank's lien in her chapter 13 case. The court noted that Debtor's standing to pursue her claims against Bank for violations of the Trust in Lending Act, Wrongful Foreclosure, and so on was not magically revived simply because she filed a chapter 13 case. Rather, Debtor failed to schedule her claims against Bank in her chapter 7 case and, therefore, the claims remained property of the estate in that case, even though the case was closed. § 554(d); Cheng v. K&S Diversified Invs., Inc. (In re Cheng), 308 B.R. 448, 461 (9th Cir. BAP 2004) ("Property of the estate that is not scheduled or otherwise administered by the time the case is closed remains property of the estate forever.").

The bankruptcy court concluded that Debtor had no standing to challenge Bank's **in rem** rights; that is, its right to foreclose on its collateral if it is not paid. Therefore, Debtor's chapter 13 plan could not be confirmed. The bankruptcy court held that: "The proposed plan violates § 1325(a)(5) and is not proposed in good faith, as required by § 1325(a)(3)." In a footnote, the court noted that although Debtor had filed an

-7-

amended plan, Bank's treatment was essentially the same in the two plans. Therefore, the amended plan did not moot the present objection.

On February 14, 2017, the bankruptcy court entered a minute order sustaining Bank's objection.

On February 28, 2017, Debtor filed a motion for reconsideration of the bankruptcy court's order. She argued, among other things, that the findings in the district court case and her chapter 7 case did not preclude her from pursuing her claims against Bank.

**4.    The Bankruptcy Court's Ruling On Trustee's MTD**

Also on February 28, 2017, the bankruptcy court heard Trustee's MTD. Debtor did not file an opposition to the MTD or appear at the hearing. The bankruptcy court ruled: "Plan delinquency is cause for dismissal. Accordingly, the motion will be granted, the case is dismissed." The court entered an order dismissing the case on March 1, 2017. Debtor filed a notice of appeal on March 14, 2017, thereby commencing BAP No. 17-1075.

**5.    The Bankruptcy Court's Ruling On Debtor's Motion for Reconsideration**

On March 28, 2017, the bankruptcy court issued a final ruling, denying Debtor's motion for reconsideration of its order sustaining Bank's objections to confirmation of Debtor's original plan. The court found the motion moot because Debtor's case was dismissed and she had not obtained a stay pending

-8-

appeal.[4]  Despite stating that no appearance was necessary, Debtor appeared at the hearing.  The bankruptcy court advised her that it had made a final ruling on her motion for reconsideration and no further argument was necessary.  Debtor attempted to inform the court that she had filed a motion to vacate/reconsider the dismissal order (as described below).  Debtor stated that she intended to appeal the court's ruling, and the proceedings concluded.

The bankruptcy court entered the order denying her motion for reconsideration on March 28, 2017.  Debtor filed a notice of appeal from this ruling on April 10, 2017, thereby commencing BAP No. 17-1106.

**6.    Debtor's Ex Parte Motion To Vacate The Dismissal**

Also on March 28, 2017, Debtor filed an ex parte motion to vacate the dismissal or for a stay of the dismissal order pending appeal.  Debtor argued that her amended plan included a "detailed computation that spread the $273 over the remaining 34 payments at the time."  She stated that she assumed that it was clear the $273 was provided for in the amended plan.  Debtor also challenged the court's mootness finding regarding her motion for reconsideration.  According to Debtor, the dismissal order was dated March 1, 2017, and her motion for reconsideration was filed February 28, 2017.  Debtor asserted that the bankruptcy court had "some days to weigh the erroneous

---

[4] In separate orders, the bankruptcy court overruled FMCC's and Trustee's objections to Debtor's original plan on the basis of mootness due to the dismissal.  The court also denied Debtor's motion to confirm her plan on mootness grounds.

$273 issue in relation to the magnitude and impact of her motion for reconsideration" where she alleged Bank had committed fraud. The bankruptcy court did not rule on this motion.

**7.    Procedural Matters After Appeal**

These appeals were subsequently consolidated by a one-judge order on May 23, 2017.  Debtor filed a motion to stay the dismissal order in this court because Bank argued in its brief that these appeals would become moot upon the close of the bankruptcy case which was anticipated in the next ten days or so.  The Panel denied her motion.

## II.    JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

## III.    ISSUES

Did the bankruptcy court abuse its discretion in dismissing Debtor's case?

Did the bankruptcy court abuse its discretion in denying Debtor's motion for reconsideration on the order sustaining Bank's objection to her original plan?

## IV.    STANDARDS OF REVIEW

We review the bankruptcy court's dismissal of a chapter 13 bankruptcy case under any of the enumerated paragraphs of § 1307(c) for abuse of discretion. Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

Denial of a motion to amend or alter a judgment under Civil Rule 59(e) is reviewed for an abuse of discretion.  Dixon v.

-10-

_Wallowa Cty._, 336 F.3d 1013, 1022 (9th Cir. 2003).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." _United States v. Hinkson_, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

We may affirm on any basis sustained by the record. _Heers v. Parsons (In re Heers)_, 529 B.R. 734, 740 (9th Cir. BAP 2015).

## V. DISCUSSION

Section 1307(c) provides that on request of a party in interest and after notice and a hearing, the bankruptcy court may convert a chapter 13 case to chapter 7 or dismiss the case, whichever is in the best interests of creditors and the estate, for cause. The use of the word "may" in § 1307(c) indicates that dismissal of a case is a discretionary decision of the trial court. _Sievers v. Green (In re Green)_, 64 B.R. 530 (9th Cir. BAP 1986).

The record shows that Debtor's plan payments were short in the amount of $273.14. The requirement to make plan payments under § 1307(c)(4) applies when a debtor commences making payments but then pays less than the plan requires. _See In re Mallory_, 444 B.R. 553, 558 (S.D. Tex. 2011) (citing _In re Jenkins_, No. 09-36433-H3-13, 2010 WL 56003, at *2 (Bankr. S.D. Tex. Jan. 5, 2010) (finding cause for dismissal of a case in which the debtor commenced making the payments required in

-11-

the proposed plan but paid an amount less than required)). There was thus "cause" for dismissal. See § 1307(c)(4). We find no abuse of discretion with the bankruptcy court's decision to dismiss Debtor's case.[5]

On appeal, Debtor does not contend that she made the payments. Instead, she maintains that she missed the hearing on Trustee's MTD because she was busy drafting her motion for reconsideration of the court's order sustaining Bank's objection to her plan. Therefore, she "forgot" about the hearing and her forgetfulness should be considered "a mistake or excusable neglect." In addition, Debtor maintains that the $273 shortfall was immaterial and, in any event, she corrected the deficiency in her first amended plan to make up the missed payments over the next 34 months.

Debtor did not properly raise these arguments in the bankruptcy court. Debtor failed to contest Trustee's MTD and did not appear at the hearing. After the bankruptcy court ruled, she raised the very same arguments she raises now for the first time in her ex parte motion to vacate/reconsider the dismissal order. Arguments raised for the first time in a motion for reconsideration are generally deemed waived. See United States v. Foreman, 369 F.3d 776, 797 n.12 (4th Cir. 2004) (It is a "well-established principle that arguments raised for

---

[5] Trustee did not request conversion as an alternative under § 1307(c). Therefore, the bankruptcy court did not err in dismissing the case without discussing whether conversion was appropriate. See Velasquez v. Burchard (In re Velasquez), BAP No. NC-15-1175-TaJuKi, 2016 WL 4259952, at *2 n.5 (9th Cir. BAP Aug. 9, 2016).

the first time in a motion for reconsideration are generally deemed waived."). Furthermore, the bankruptcy court never issued a ruling in connection with her motion. We do not consider Debtor's arguments for the first time on appeal. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957 (9th Cir. 1989) ("The rule in this circuit is that appellate courts will not consider arguments that are not 'properly raise[d]' in the trial courts.").

In light of our decision, Debtor's appeal of the bankruptcy court's order denying her motion for reconsideration of the order sustaining Bank's objection to Debtor's original plan is moot. Since Debtor's bankruptcy case was dismissed, the goal of rehabilitation through confirmation of Debtor's plan is no longer at issue. See GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994) (case is moot if the issues presented are no longer live and there fails to be a "case or controversy" under Article III of the Constitution).[6]

Debtor also requested sanctions against Bank in her reply brief, contending that Bank filed its responsive brief one day late. A request for sanctions must be filed as a separate motion. See Rule 8020.

## VI. CONCLUSION

For the reasons stated, we AFFIRM.

---

[6] Debtor filed another chapter 13 case on September 14, 2017 (Case No. 17-26123).