**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2222
_____

IN RE:  RAYMOND ROSS,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:15-cv-00197)
District Judge:  Honorable Gerald J. Pappert
_____

Argued October 25, 2016
_____

Before: VANASKIE, KRAUSE, and NYGAARD, Circuit
Judges

(Opinion Filed:  June 8, 2017)


Raymond Ross
P.O. Box 285
Fort Washington, PA  19034

   *Pro Se*

Charles J. Hartwell, Esq.
Dethlefs Pykosh and Murphy Law
2132 Market Street
Camp Hill, PA  17011

> *Counsel for Appellee AmeriChoice Federal Credit Union*

William H. Burgess, Esq.   [ARGUED]
Kirkland & Ellis
655 15th Street, N.W.
Suite 1200
Washington, D.C.  20005

> *Court-Appointed Amicus Curiae in Support of Appellant Raymond Ross*

_____

OPINION OF THE COURT
_____

VANASKIE, <u>Circuit Judge</u>.

Raymond Ross appeals from a broad filing injunction issued against him by the Bankruptcy Court after he and his wife used the bankruptcy process to stave off the sheriff's sale of their home.  Ross argues that, as a matter of law, a bankruptcy court may never issue a filing injunction against a Chapter 13 debtor who requests voluntary dismissal under 11

U.S.C. § 1307(b) because doing so would undermine the debtor's statutory rights. We disagree, and hold that a bankruptcy court does indeed have the authority to issue a filing injunction even in the context of approving a debtor's § 1307(b) voluntary dismissal because nothing in the Bankruptcy Code's express terms says otherwise.

However, we also find that the Bankruptcy Court's filing injunction against Ross cannot survive this appeal due to this case's particular circumstances. The Bankruptcy Court provided no reasoning for the broad nature of its filing injunction, which went well beyond what had been requested and what the Bankruptcy Court found appropriate in the case of Ross's similarly-situated wife. Accordingly, we will vacate the injunction and remand this matter for further proceedings.

## I.

Appellant Raymond Ross and his wife Sandra have lived in their home in Ambler, Pennsylvania, since 1993. In 2003, the Rosses took on a mortgage from Appellee AmeriChoice Federal Credit Union. The Rosses fell behind on their payments, and in 2012 AmeriChoice filed a foreclosure action in Pennsylvania state court. The state court entered default judgment against the Rosses, and AmeriChoice scheduled a sheriff's sale to be held on October 30, 2013. *Ross v. AmeriChoice Fed. Credit Union*, 530 B.R. 277, 280 (Bankr. E.D. Pa. 2015).

The day before the sheriff's sale, Raymond[1]—acting alone, without Sandra—filed the first of the Rosses' three relevant Chapter 13 bankruptcy petitions. Raymond's first petition triggered Chapter 13's automatic stay and put a halt to the sheriff's sale, but was dismissed about six months later after Raymond failed to make required payments. AmeriChoice rescheduled the sheriff's sale for August 27, 2014.

On the day of the rescheduled sale, Raymond filed a second Chapter 13 petition—the one that led to this appeal—stalling the sale for a second time. The Bankruptcy Court quickly granted AmeriChoice relief from the automatic stay, and the sheriff's sale was rescheduled yet again, this time for October 29, 2014. On that day, however, Sandra filed her own Chapter 13 petition, delaying the sale of the Rosses' property a third time. *In re Sandra Dixon-Ross*, No. 15-CV-581, 2016 WL 1056776, at *1 (E.D. Pa. Mar. 17, 2016). Sandra's case was assigned to the same Bankruptcy Judge overseeing Raymond's case, and a week later the court dismissed Sandra's petition for failure to obtain required pre-petition credit counseling. *Id.*

In Raymond's second case, AmeriChoice filed a motion under 11 U.S.C. § 1307(c) to either convert Raymond's case to Chapter 7 or dismiss it altogether due to what AmeriChoice saw as Raymond's bad faith use of the bankruptcy process. The Bankruptcy Court scheduled a hearing on the motion. About two weeks prior to the hearing, Raymond filed a motion to postpone the hearing due to a scheduling conflict and his

---

[1]    For sake of clarity, we will refer to Appellant Raymond Ross hereinafter by his first name only, and his wife by her first name, Sandra.

anticipated absence from the state. The Bankruptcy Court denied the motion to postpone a week later. Raymond then requested, the day before his hearing, that his case be dismissed pursuant to § 1307(b).

Raymond did not appear at the hearing on AmeriChoice's motion. AmeriChoice did appear, and indicated that its preference would be for the Bankruptcy Court to convert Raymond's case to Chapter 7; dismissal was its second choice. If the Bankruptcy Court decided to dismiss, AmeriChoice requested that the court also issue one of two proposed filing injunctions: a filing injunction "barring future filings [of both Raymond and Sandra Ross] for 180 days," or a filing injunction "barring the use of the automatic stay in any future filings by either one of them." (Addendum to Amicus Br. at 24 (transcript of hearing).) The Bankruptcy Judge expressed due process concerns with the prospect of issuing an order that extended to Sandra because the hearing was held only in Raymond's case and Sandra had not been given notice. The Judge instead suggested that if AmeriChoice wanted a filing injunction entered against Sandra, it should return to Sandra's case and request one there. Neither the Bankruptcy Judge nor AmeriChoice mentioned or discussed Raymond's request for dismissal at the hearing. Following the hearing, the Bankruptcy Court issued an Order dismissing Raymond's case "with prejudice," and further providing that "the Debtor is not permitted to file another bankruptcy case without express permission from this Court." (App. 205.)

AmeriChoice took the Bankruptcy Judge's advice and a week later filed a motion in Sandra's case, requesting that a filing injunction be entered against her as well. *In re Sandra Dixon-Ross*, 2016 WL 1056776, at *1. AmeriChoice suggested as relief the same two alternatives it had proposed in

5

Raymond's case: a general restriction on all Sandra's filings for 180 days, or an order granting blanket relief from the automatic stay for any claims against the Rosses' Ambler property for the indefinite future. *Id.* It did not request the broad restriction that the court had already entered against Raymond. The Bankruptcy Judge granted the motion, but this time the order extended only to what AmeriChoice requested: Sandra was "enjoined from filing another bankruptcy for 180 days of the date of this Order," and the automatic stay was not to "operate against actions to enforce [AmeriChoice's] mortgage foreclosure judgment" on the Rosses' property. *In re Sandra Dixon-Ross*, No. 14-18608, at *1 (Bankr. E.D. Pa. Jan. 21, 2015). Sandra lost an appeal in the district court, and did not further appeal her case. Raymond unsuccessfully appealed his second case to the District Court, *Ross*, 530 B.R. at 282, and then filed the present appeal.

In the midst of this litigation, AmeriChoice completed the sheriff's sale, only to have the foreclosure undone when the Pennsylvania Superior Court held that the Rosses never received proper notice in the state action. *AmeriChoice Fed. Credit Union v. Ross*, 135 A.3d 1018, 1023-26 (Pa. Super. Ct. 2015). The Rosses also filed a federal action against AmeriChoice and other defendants, and eventually the parties entered into a near-global settlement, where the Rosses promised to make payments on their debt and AmeriChoice promised to abandon its foreclosure action. *See Ross v. AmeriChoice Fed. Credit Union*, No. 15-2650, ECF No. 28 (E.D. Pa. Mar. 31, 2016).

The lone unsettled issue is the Bankruptcy Court's filing injunction against Raymond, which remains in place.[2]

**II.**

The Bankruptcy Court had jurisdiction under 28 U.S.C. § 157. The District Court had jurisdiction under 28 U.S.C. § 158(a)(1) to review the Bankruptcy Court's dismissal order. And we have appellate jurisdiction under 28 U.S.C. § 1291. Our task is to "stand in the shoes" of the District Court and review the Bankruptcy Court's decision anew. *In re Pransky*, 318 F.3d 536, 542 (3d Cir. 2003) (quoting *In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631, 635 (3d Cir. 1998)). "[W]e review a bankruptcy court's 'legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof.'" *In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013) (quoting *In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012)). The issuance of a filing injunction is an exercise of discretion. *Abdul-Akbar v. Watson*, 901 F.2d 329, 331 (3d Cir. 1990).

**III.**

Raymond's appeal raises two main issues: (1) whether the Bankruptcy Code prohibits a bankruptcy court from issuing a filing injunction against a debtor who requests voluntary

---

[2] Raymond proceeds *pro se* in this appeal. Because of the important and unsettled nature of the power of a bankruptcy court to issue a filing injunction in response to a Chapter 13 debtor's motion for voluntary dismissal, we appointed counsel to serve as an Amicus Curiae on behalf of Raymond in this appeal. We express our gratitude to court-appointed amicus, who provided valuable assistance to the Court.

dismissal under 11 U.S.C. § 1307(b), and (2) whether this case's particular facts and circumstances indicate that the Bankruptcy Court abused its discretion in issuing a broad filing injunction. We hold that the answer to the first question is no, but find the answer to the second is yes.

**A.**

Raymond's first argument is that bankruptcy courts may not impose a filing injunction after a debtor has motioned for voluntary dismissal pursuant to 11 U.S.C. § 1307(b). Bankruptcy courts possess a general statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). And bankruptcy courts "may also possess 'inherent power . . . to sanction 'abusive litigation practices.'" *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014) (quoting *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375-76 (2007)). But these broad "equitable powers . . . are not without limitation." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004). As relevant here, for example, a bankruptcy court's general authority does not extend to actions that conflict with "specific," "explicit," and "express" terms of the Bankruptcy Code. *Law*, 134 S. Ct. at 1195-97.

In this vein, Raymond argues the Bankruptcy Court's filing injunction is not authorized by its general authority because it conflicts with the express terms of § 1307(b). Section 1307(b) states that a bankruptcy court "shall" dismiss a Chapter 13 case on the "request" of the debtor unless the debtor's case has already been converted from some other

8

chapter of the code. 11 U.S.C. § 1307(b).[3] There is a split in authority as to just how mandatory this right to dismissal really is, and the Third Circuit has yet to weigh in. Some courts hold that the statute's command is mandatory and grants a debtor an "absolute" right to dismissal—if a debtor requests dismissal, then the court must dismiss; no exceptions. *See, e.g.*, *In re Barbieri*, 199 F.3d 616, 620-21 (2d Cir. 1999) (reasoning that reading a bad faith exception into § 1307(b) would undermine § 303's procedures governing the initiation of an involuntary Chapter 7 case); *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (applying *Barbieri*'s rule after holding that *Barbieri* was not overruled or abrogated by *Marrama*, 549 U.S. at 365); *In re Williams*, 435 B.R. 552, 560 (Bankr. N.D. Ill. 2010) (same). Other courts read the statute to contain an exception that permits a bankruptcy court to delay ruling on a bad faith debtor's request for dismissal and instead first address a creditor's competing motion to dismiss the case or convert it to Chapter 7. *See, e.g.*, *In re Jacobsen*, 609 F.3d 647, 649 (5th Cir. 2010) (holding that *Marrama* requires the court to read-in a bad faith exception); *In re Rosson*, 545 F.3d 764, 772, 773 n.12 (9th Cir. 2009) (same). Raymond argues we should side with *Barbieri*, and therefore the Bankruptcy Court erred in granting AmeriChoice's motion over Raymond's dismissal

---

[3] The precise language of section 1307(b) is as follows:

On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

request because a debtor's § 1307(b) right to dismissal is absolute.

But we need not weigh in on this split in authority today, because even if Raymond were correct, and § 1307(b) required the Bankruptcy Court to grant Raymond's request for dismissal before considering AmeriChoice's motion, the Bankruptcy Court could have just as easily attached its filing injunction to Raymond's requested dismissal order. Raymond argues that such a conclusion cannot be correct because it would undermine the purpose of several other Bankruptcy Code provisions that already address the problem of repeat-filers and bad-faith debtors: § 727(a)(8) and § 1328(f), which limit the availability of two discharges to the same petitioner; § 362(b)(4), which diminishes the effect of the automatic stay for repeat-filers; and § 109(g), which effectively imposes a 180-day filing injunction on a certain subset of repeat-filers who act in bad faith. But whether or not the Bankruptcy Court's filing-injunction order undermines these sections' *purposes* is not the question; all that matters is the "express" and "explicit" terms of the Bankruptcy Code. For example, in *Marrama v. Citizens Bank*, the Supreme Court upheld an order as falling under the bankruptcy court's general authority, and brushed back an argument that its decision would undermine the purpose of other Code provisions. *See* 549 U.S. at 375; *see also id.* at 380 (Alito, J., dissenting) (arguing the majority did not adequately consider the "purpose" of other Code provisions). What mattered to the Court was that there was "[n]othing in the text" of the Code that prohibited the bankruptcy court's order. *Id.* at 374-75. By comparison, when the Supreme Court reversed an order in *Law v. Siegel* for exceeding the bankruptcy court's general authority, it held that the order conflicted with the "explicit mandates" and "express

10

terms" of 11 U.S.C. § 522, in light of two specific aspects of that section. 134 S. Ct. at 1196 (referencing specific textual language granting debtors the right to seek exemptions and a "meticulous" and "detailed" list of exceptions and limitations). Raymond's case is much more like *Marrama* than *Law v. Siegel*. Raymond highlights "nothing in the text" of § 1307(b) that prohibits the entry of a filing injunction alongside a § 1307(b) dismissal order, and the purposes behind the other cited statutory provisions are irrelevant.

Raymond also argues against this conclusion by comparing § 1307(b) to the analogous Federal Rule of Civil Procedure governing voluntary dismissals by a plaintiff, Rule 41(a)(1).[4] Rule 41 states in its text that a notice of voluntary

---

[4] Rule 41(a)(1) provides:

(a) Voluntary Dismissal.

(1) By the Plaintiff.

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

dismissal is effective without a court order and the dismissal is without prejudice if the plaintiff requests dismissal and has not previously had "any federal- or state-court action based on or including the same claim" voluntarily dismissed. Fed. R. Civ. P. 41(a)(1)(B). Thus, Raymond suggests that had the Federal Rules of Civil Procedure governed the Bankruptcy Court's procedures in Raymond's case, the Bankruptcy Judge arguably would have been prohibited from entering the filing injunction because Raymond's § 1307(b) request for voluntary dismissal was his first.[5] The problem with this Rule 41 analogy, however, is once again the text of § 1307(b): whereas Rule 41

> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

[5] Raymond's first bankruptcy petition was dismissed involuntarily in response to a motion to dismiss filed by the Trustee; it was not dismissed voluntarily. *See In re Raymond Ross*, No. 13-19412, at *1 (Bankr. E.D. Pa. Apr. 23, 2014) (dismissal order). Prior to dismissal, Raymond and AmeriChoice apparently entered into a stipulation in an attempt to relieve AmeriChoice from the automatic stay and avoid future litigation between the parties. AmeriChoice's Mot. to Convert or Dismiss, Ex. P ¶¶ 10-13, Bankr. E.D. Pa. Case No. 14-16866, Docket No. 41. But that stipulation did not purport to resolve Raymond's first Chapter 13 case in its entirety, and was not the basis for the Bankruptcy Court's dismissal.

requires in specific and express terms that dismissal is automatic and without prejudice, § 1307(b) contains no similar textual hook.

The Bankruptcy Court therefore possessed the general authority to issue a filing injunction against Raymond.

**B.**

The Bankruptcy Court's filing injunction against Raymond is still problematic, however, due to the specific circumstances of this case. A court may not issue orders that are "arbitrary or irrational," and we may vacate decisions for an abuse of discretion on that basis. *United States v. Bailey*, 840 F.3d 99, 117 (3d Cir. 2016). Furthermore, when reviewing for abuse of discretion, we grant less deference to court decisions that are unaccompanied by reasoning. *Id.* Although we may affirm a judgment of a lower court for any reason supported by the record, *Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011), we are not obligated to search the record for reasons to affirm and may vacate or remand if the lower court declines to provide reasoning supporting its decision.[6]

---

[6] *See United States v. Garza*, 593 F.3d 385, 391 (5th Cir. 2010) (holding that the district court abused its discretion when it *sua sponte* transferred a case to a not very convenient venue and did not provide reasoning); *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 816 (9th Cir. 2003) (vacating the district court's award of damages under the Lanham Act for lack of reasoning); *Stuebben v. Gioiosi (In re Gioioso)*, 979 F.2d 956, 961 (3d Cir. 1992) (remanding to the bankruptcy court because it failed to "provide a sufficient basis

Here, three aspects of the filing injunction, none of which were explained by the Bankruptcy Court, together suggest the Bankruptcy Judge abused his discretion in issuing the broad and indefinite filing injunction. First, the filing injunction went beyond what AmeriChoice requested. AmeriChoice only asked that the Bankruptcy Court either restrict Raymond's filings for 180 days or bar the application of the automatic stay to AmeriChoice's attempts to sell the Rosses' property. The Bankruptcy Court, however, barred Raymond from making any bankruptcy filings anywhere for the indefinite future—there was no temporal or geographic limitation—except when the court grants its express permission.

Second, the filing injunction against Raymond is several degrees harsher than the filing injunction against Sandra, even though the same Bankruptcy Judge oversaw each spouse's case and gave no indication that the two are not similarly situated. Similarly, even though it appears that Raymond and Sandra are similarly situated, the Bankruptcy Court limited its filing injunction in Sandra's case to what AmeriChoice requested while in Raymond's case went beyond their request.

Third, 11 U.S.C. § 109(g) is persuasive authority that a 180-day filing restriction may have been sufficient in Raymond's case. As mentioned above, that section imposes an effective 180-day filing restriction on debtors who have either (1) willfully failed "to abide by orders of the court" or "to appear before the court in proper prosecution of the case," or (2) requested and received dismissal in advance of a court

for reviewing its exercise of discretion" in imposing sanctions under Rule 9011).

ruling on a creditor's request for relief from the automatic stay. 11 U.S.C. § 109(g). Thus, the section imposes a 180-day filing restriction on a certain subset of bad faith debtors. The section almost certainly did not apply here because Raymond appeared before the Bankruptcy Court, apparently followed the court's orders, and did not file his motion in response to AmeriChoice's previously-granted motion for relief from the automatic stay but rather its motion to dismiss or convert Raymond's case. Nonetheless, if 180 days is often sufficient for the bad faith debtor contemplated by §109(g), 180 days may have been sufficient for Raymond too.

These three aspects of the Bankruptcy Court's filing injunction together, left unexplained by any court reasoning, lead us to the conclusion that the court abused its discretion in issuing such a broad filing injunction. If any one of these factors had not been present, or if the Bankruptcy Court had provided oral or written reasoning describing a legitimate rationale for the broad nature of its filing injunction, then perhaps we would have arrived at a different result, because even broad filing restrictions are common and often justified. *See, e.g.*, *Olson v. Ramsey Cty.*, No. 15-3131, 2015 WL 5778478, at \*7 (D. Minn. Oct. 1, 2015) (restricting the plaintiff, for the indefinite future, from "filing new cases in this District Court unless he is represented by counsel or receives prior written authorization from a judicial officer in this District Court"); *Riches v. Parcells*, No. 1:07-cv-1891, 2008 WL 117887, at \*2 (E.D. Cal. Jan. 10, 2008) (restricting the Clerk of Court, for the indefinite future, from accepting any of the plaintiff's future civil complaints if the plaintiff has not paid the filing fee). Nevertheless, a broad filing injunction is an "extreme remed[y]" that "should be narrowly tailored and sparingly used." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747

(3d Cir. 1989). Given both the breadth of the injunction in this case and the Bankruptcy Court's failure to articulate why such an injunction was warranted by Ross's conduct, a remand is warranted.[7]

## IV.

We will vacate the Bankruptcy Court's filing-injunction order and remand the case to the Bankruptcy Court for further proceedings consistent with this opinion.

---

[7] Because we vacate the filing injunction on this basis, we need not address Raymond's final argument in the alternative, that the Bankruptcy Court violated his procedural due process rights.