NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2309
_____

LUCIANA DESTEFANO,
Appellant

v.

UDREN LAW OFFICES PC;
*DEUTSCHE BANK NATIONAL TRUST CO, as trustee for Morgan Stanley ABS
Capital I Inc. Trust 2006-HE8 Mortgage Pass-through Certificates, Series 2006-HE8;
*OCWEN LOAN SERVICING LLC

*(Dismissed pursuant to Clerk's Order dated September 5, 2018)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-16-cv-7559)
District Judge:  Hon. Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
January 24, 2019

Before:  JORDAN, KRAUSE, and ROTH, *Circuit Judges.*

(Opinion Filed:  February 20, 2020)
_____

OPINION*
_____

_____

 * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

PER CURIAM

Appellant Luciana DeStefano challenges the District Court's dismissal of her claims under the Fair Debt Collection Practices Act ("FDCPA") as time-barred. She also contests the Court's denial of her motion to reconsider that dismissal order. The gravamen of DeStefano's appeal is that the District Court's dismissal and reconsideration decisions suffer from the same fundamental error: each relies on the incorrect determination that she was served with process in the foreclosure action that prompted her FDCPA claims more than a year before filing her FDCPA suit. However, the Supreme Court has recently confirmed (by affirming our existing precedent) that it is the occurrence of an FDCPA violation, and not a plaintiff's knowledge of that violation, that triggers the statute's one-year limitations period. Because it is undisputed that the alleged FDCPA violation here, the wrongful filing of a foreclosure action, occurred more than one year before DeStefano brought her FDCPA lawsuit, we will affirm.

## I.  BACKGROUND[1]

On August 13, 2015, Appellee Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE8 Mortgage Pass-through Certificates, Series 2006-HE8, filed a foreclosure action against DeStefano in New Jersey state court with respect to a mortgage on a property located in Union Beach, New

---

[1] The background is drawn from DeStefano's complaint and the attachments thereto, with all reasonable inferences drawn in her favor. *See Blanyar v. Genova Prods. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017) ("When considering a Rule 12(b)(6) motion, we 'accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff[.]'" (citation omitted)).

Jersey (the "Foreclosure Action"). DeStefano, however, alleges that she was not properly served in the Foreclosure Action until December 14, 2015. Appellee Udren Law Firm, P.C. ("Udren") served as counsel for Deutsche Bank and Appellee Ocwen Loan Servicing, LLC ("Ocwen," and together with Deutsche Bank and Udren, the "Appellees") "in connection with the Foreclosure Action."[2] (App. at 109-10.)

On October 19, 2016, more than one year after the Foreclosure Action was commenced, but less than one year after DeStefano had been served in that matter, DeStefano filed suit against Appellees in the District Court, alleging violations of the FDCPA with respect to their "commencement and continued prosecution" of the Foreclosure Action. (App. at 107.) Specifically, DeStefano alleged that the Foreclosure Action was "wrongful," because "the debt upon which [it] was based had been cancelled approximately five (5) years earlier[,]" and, thus, did not exist at the time that action was brought. (App. at 112.) DeStefano also alleged that Appellees further violated the FDCPA by making false representations about the status of her debt "during the course" of the Foreclosure Action. (App. at 113.)

Appellees moved to dismiss DeStefano's complaint on several grounds, including that her claims were time-barred. DeStefano argued that the claims were timely because her suit against Appellees was filed on October 19, 2016 and the FDCPA's one-year statute of limitations did "not commence to run until 12/14/2015[,] the date that the Court [in the

---

[2] DeStefano stipulated to Deutsche Bank's and Ocwen's dismissal from this appeal with prejudice. Accordingly, Udren is the sole remaining "Appellee" in this matter. We also note the posture of this appeal is unusual in that Udren, despite prevailing before the District Court, has not filed any briefing.

3

Foreclosure Action] determined that [she] was served" in that case, or, "[a]t the earliest," started running on November 18, 2015, the date she filed a motion to vacate in the Foreclosure Action. (App. at 130-31.) The District Court, relying largely on the record from the Foreclosure Action, found that DeStefano was served with process in that case on August 21, 2015. Because, given that finding, DeStefano's October 2016 lawsuit was untimely under the FDCPA irrespective of whether the FDCPA's one-year limitations period began to run when the Foreclosure Action was filed or when she received service of process in that matter, the Court dismissed her complaint.

DeStefano moved the District Court to reconsider its dismissal order pursuant to Federal Rule of Civil Procedure 60. The central argument of her reconsideration motion was that, under New Jersey law, the August 21, 2015 service in the Foreclosure Action was invalid and ineffective and that the Court erred in concluding otherwise. The District Court denied DeStefano's motion, prompting this timely appeal.

## II.    DISCUSSION[3]

Although DeStefano points to several supposed missteps by the District Court in dismissing her claims and denying reconsideration, each asserted error pertains to the

---

[3]    The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). "[W]e may affirm a judgment of a lower court for any reason supported by the record…." *In re Ross*, 858 F.3d 779, 786 (3d Cir. 2017). We exercise that same standard of review over the District Court's denial of DeStefano's motion for reconsideration. *McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 552–53 (3d Cir. 1992) ("Because an appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review, the standard of review varies with the nature of the underlying judgment.").

single issue of when she should be deemed to have received service of process in the Foreclosure Action. For all intents and purposes, the Supreme Court has rendered those arguments moot by clarifying that "[t]he FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened." *Rotkiske v. Klemm*, No. 18-328, 2019 WL 6703563, at *3 (U.S. Dec. 10, 2019). The Court expressly rejected the argument that the limitations period only commences upon a plaintiff's discovery of that violation. *Id*. at *4. The FDCPA violation alleged in DeStefano's complaint is the initiation and prosecution of the Foreclosure Action, and she has not argued at any stage of this case that her claims implicate any FDCPA violations independent of the Foreclosure Action. It is undisputed that the Foreclosure Action was filed in August 2015 and that DeStefano did not file this lawsuit until October 2016, more than a year later.[4] Under *Rotkiske*, DeStefano's claims plainly are time-barred. Accordingly, the District Court did not err in dismissing DeStefano's claims or denying her motion for reconsideration, even assuming that the Court erred in determining when she received service of process in the Foreclosure Action or otherwise learned of that action's existence.

### III. CONCLUSION

For the foregoing reasons, the District Court's orders will be affirmed.

---

[4] Although we have recognized "the availability of equitable tolling for civil suits alleging an FDCPA violation," *Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018), *cert. granted*, 139 S. Ct. 1259 (2019), *and aff'd*, No.18-328, 2019 WL 6703563 (U.S. Dec. 10, 2019), the Supreme Court declined to "decide whether the text of 15 U.S.C. § 1692k(d) permits the application of equitable doctrines." *Rotkiske*, 2019 WL 6703563, at *4 n.3. DeStefano has raised no argument, either before the District Court or on appeal, that the limitations period for her FDCPA claims should be equitably tolled.