**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3642

_____

IN RE: MICHELE MARINARI, a/k/a Michelle Frank,
Debtor

ROBERT J. MURPHY,
Appellant

v.

Michele Marinari

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 2-17-cv-00922 and 2-17-cv-02496)
Honorable Gerald J. Pappert, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 17, 2020

Before: JORDAN, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion filed: January 19, 2021)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Robert Murphy, who held an outstanding judgment against Michele Marinari and filed an adversary complaint in her Chapter 13 bankruptcy proceeding, challenges the Bankruptcy Court's dismissal of Marinari's case pursuant to 11 U.S.C. § 1307(b). The District Court affirmed. Because we perceive no error in the Bankruptcy Court's rulings, we too will affirm.

## I. Discussion[1]

On appeal, Murphy argues that the Bankruptcy Court improperly dismissed Marinari's case, that the Bankruptcy Court should have imposed additional conditions on the dismissal, and that the Bankruptcy Court erred by denying his motion for reconsideration. None of these arguments are persuasive. We address each in turn.

### A. The propriety of dismissal

Murphy offers three reasons the Bankruptcy Court should not have dismissed Marinari's case. His first and primary argument is that § 1307(b) does not permit dismissal

---

[1] The District Court had jurisdiction under 28 U.S.C. § 158(a), and we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. Like the District Court, "we review the [Bankruptcy Court's] legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof." *In re Tribune Co.*, 972 F.3d 228, 237 (3d Cir. 2020). We may affirm the decision below on any ground supported by the record, *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019), and although Marinari opted not to file a responsive brief, "we w[ill] not reverse a correctly entered order simply because the appellee did not file a brief on the appeal," *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 n.4 (3d Cir. 1992).

2

where a debtor acts in bad faith.[2] But even assuming *arguendo* that § 1307(b) does have a bad faith exception, we agree with the District Court that Murphy failed to plead any facts that would suggest Marinari acted in bad faith, much less in the "extraordinary" or "atypical" fashion that other courts have found sufficient to satisfy a bad faith exception in the bankruptcy context. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 n.11 (2007) (in the context of 11 U.S.C. § 706); *In re Rosson*, 545 F.3d 764, 773–74 (9th Cir. 2008) (in the context of § 1307(b)).

Second, Murphy faults the Bankruptcy Court for granting dismissal in the absence of a formal motion to dismiss, which is required by the bankruptcy rules. Fed. R. Bankr. P. 1017(f)(2), 9013. But Murphy had sufficient notice that the Bankruptcy Court intended to treat Marinari's self-styled "application" as a motion to dismiss, he did not object to that approach, and he had the opportunity to brief and be heard on the dismissal issue. App. 62–63. Murphy therefore had "notice 'reasonably calculated . . . to apprise [him] of the pendency of the [motion] and afford [him] an opportunity to present [his] objections,'" which "more than satisfied [his] due process rights." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Murphy's third argument is that the Bankruptcy Court should not have granted the dismissal while his motions for sanctions and conversion to Chapter 7 were still pending

---

[2] Section 1307(b) provides that "[o]n request of the debtor at any time, if the case has not been converted . . . , the court shall dismiss [the] case," 11 U.S.C. § 1307(b), and we have not resolved the question whether § 1307(b) grants a debtor the absolute right to dismiss or has an exception for bad faith, *see In re Ross*, 858 F.3d 779, 784 (3d Cir. 2017).

and without holding an evidentiary hearing.  This objection, too, is unavailing, as Murphy had the opportunity—and failed—to request an evidentiary hearing at the hearing that was held on the motion to dismiss; the Bankruptcy Court had already resolved his motions for sanctions when it dismissed Marinari's case; and § 1307(b) allows for dismissal "at any time" prior to conversion.  11 U.S.C. § 1307(b).

In short, the Bankruptcy Court did not err when it dismissed Marinari's case.

## B.  The conditions of dismissal

Murphy next argues that the Bankruptcy Court placed "meaningless" and "unconstitutional[]" conditions on the dismissal of Marinari's case.  Appellant's Br. 5.  We review dismissal conditions for abuse of discretion.  *See In re Ross*, 858 F.3d 779, 786 (3d Cir. 2017).

Here, the Bankruptcy Court provided that Murphy's adversary action would resume if Marinari filed for bankruptcy again within two years.  That ensured the adversary proceeding would continue from where it left off if Marinari refiled within that timeframe, and, unless and until that occurred, Murphy could seek collection on his judgment in the ordinary course.  True, Murphy did request "additional appropriate conditions" after the hearing on dismissal, App. 107, but that belated request was too vague to preserve the issue, *cf. In re Teleglobe Commc'ns. Corp.*, 493 F.3d 345, 376–77 (3d Cir. 2007), and regardless, given the dearth of support Murphy offered to show bad faith by Marinari, the Bankruptcy Court did not abuse its discretion, much less violate due process, by declining to impose any additional conditions, *cf. In re Ross*, 858 F.3d at 782, 786–87 (requiring a basis in the

4

record and a "legitimate rationale" for dismissal conditions predicated on alleged bad faith conduct).

## C. Murphy's motion for reconsideration

Finally, Murphy argues that the Bankruptcy Court improperly denied his motion for reconsideration. "[W]e review a lower court's determination regarding a motion to reconsider for an abuse of discretion," and "such a motion should be granted only where the moving party shows . . . '(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018) (quoting *United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014)). Murphy presented no change in law or new evidence in his motion for reconsideration, and in any event, as we have explained, there was no error in the Bankruptcy Court's rulings.[3]

---

[3] We typically "view[] a motion characterized as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion," *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citation omitted), and we therefore apply the standard for Rule 59(e) to Murphy's motion here, *see In re Energy Future Holdings Corp.*, 904 F.3d at 311; Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023. But insofar as Murphy also grounds his motion for reconsideration on Rule 60(b), we see no basis for relief under that provision either. *See* Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024. Murphy has not demonstrated "excusable neglect," identified "newly discovered evidence," pleaded any facts suggesting Marinari engaged in "fraud" or "misconduct," or established that "the judgment is void," Fed. R. Civ. P. 60(b)(1)–(4), (d)(3), and he has failed to show "extraordinary circumstances where, without . . . relief, an extreme and unexpected hardship would occur," *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (articulating standard for Rule 60(b)(6) relief). Likewise, to the extent Murphy bases his argument on Rule 52, it is also without merit, as we see no

**II.     Conclusion**

For the foregoing reasons, we will affirm the District Court's order.

---

"errors . . . that require correction."  *U.S. Gypsum Co. v. Schiavo Bros., Inc.*, 668 F.2d 172, 180 (3d Cir. 1981); *see* Fed. R. Civ. P. 52; Fed. R. Bankr. P. 7052, 9014(c).