**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-2404 & 21-2700
_____

IFEOMA EZEKWO,
Appellant

v.

CALIBER HOME LOANS, INC.; US BANK TRUST NA, AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST; JAMAR HARRIS; LEDER WETTRE,
Individually and in her official capacity as Justice of the Federal District Court Newark,
New Jersey; SUSAN WIGENTON, Individually and in her official capacity as Justice of
the Federal District Court Newark, New Jersey; JOAN BEDRIN MURRAY, Individually
and in her official capacity as Justice of the Superior Court, Bergen County, New Jersey;
SHERIFF CURETON; Individually and in his official capacity as Sheriff of Bergen
County, New Jersey; STEPHEN CATANZARO; JAY HARMON SPERLING;
CHRISTINA LIVORSI; SHERRI SMITH; CHRISTOPHER A. SALIBA;
THOMAS WALSH; JOHN AND JANE DOES 1 TO 10; STATE OF NEW JERSEY;
COUNTY OF BERGEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:21-cv-09936)
District Judge: Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2022

Before: RESTREPO, PHIPPS, and COWEN*, Circuit Judges

---

* The Honorable Robert E. Cowen assumed inactive status on April 1, 2022, after the
argument and conference in this case, but before the filing of the opinion. This opinion is
filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P.
Chapter 12.

_____

OPINION[1]

_____

PER CURIAM

Ifeoma Ezekwo appeals pro se from the District Court's preclusion order and its subsequent order denying her related motion for reconsideration.  For the reasons that follow, we will vacate those orders and remand for further proceedings.

I.

Ezekwo filed a pro se civil-rights complaint in the District Court against multiple judicial actors and a host of other defendants.  Four days later, on April 23, 2021, the District Court, acting sua sponte, entered an order addressing the case.  In that order, the District Court began by observing that "it appear[s] that [the case] seeks to litigate matters [already] pending in this District or re-litigate matters previously adjudicated in this District, and are thus barred by res judicata, claim preclusion, or as a duplicative filing."  (Dist. Ct. Order entered Apr. 23, 2021, at 1 (citations omitted).)  The District Court also observed that Ezekwo's claims against the judicial defendants appeared to be barred by the doctrine of judicial immunity.  In light of these observations, the District Court directed Ezekwo to show cause, within seven days, why that court should not

_____

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

dismiss the case and preclude her "from filing a further action relating to the within matters without first seeking Court approval." (Id. at 2.)

The seven-day show-cause period passed without Ezekwo filing a response. But it appeared that her inaction may have been due to her failure to receive a copy of the show-cause order. Accordingly, the District Court entered a second show-cause order on May 5, 2021, giving Ezekwo another 10 days to file her response.

The new 10-day period passed without a response from Ezekwo. On May 18, 2021, the District Court entered a "Preclusion Order" that, inter alia, (1) "prohibited [her] from filing a complaint under a new docket with this Court that brings claims related to those in Civil Nos. 20-480, 20-12799, and 20-16187 without express permission of this Court," (2) stated that she "must seek leave to file *any* complaint by filing a letter with this Court of no more than two ordinary typed pages, addressed to the undersigned and delivered to the Clerk of the Court, setting forth valid reasons why the Court should allow the complaint to be filed," and (3) directed the Clerk to close this case. (Preclusion Order 2-4 (emphasis added).)

In June 2021, Ezekwo moved the District Court to reconsider the Preclusion Order. While that motion was pending, she filed a notice of appeal challenging the Preclusion Order; that appeal was docketed at C.A. No. 21-2404. Thereafter, on August 10, 2021, the District Court denied her motion for reconsideration. She then filed another notice of appeal, this time challenging the August 10 order. That second appeal was

3

docketed at C.A. No. 21-2700 and consolidated with C.A. No. 21-2404 for all purposes. These consolidated appeals are now ripe for disposition.

## II.

We begin by addressing our jurisdiction over these appeals. Both show-cause orders in this case stated that if Ezekwo did not file a timely show-cause response, the District Court would "issue an Order dismissing this case with prejudice and precluding any further filing with respect to this subject matter without prior Court approval." (Dist. Ct. Order entered Apr. 23, 2021, at 2-3; Dist. Ct. Order entered May 5, 2021, at 3.) However, the Preclusion Order did not contain any language dismissing Ezekwo's case, and the District Court did not issue a separate order of dismissal. Accordingly, there is no final order for us to review under 28 U.S.C. § 1291. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (explaining that a decision is "final" under § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (quoting Catlin v. United States, 324 U.S. 229, 233 (1945))).[1]

Although appellate jurisdiction does not lie here under § 1291, it does not follow that we should dismiss these appeals. Another section of Title 28 provides, in pertinent part, that courts of appeals have jurisdiction over appeals from interlocutory orders of the

---

[1] The fact that the Preclusion Order included language directing the Clerk to close the case did not transform that order into a "final" decision under § 1291. See Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 128 (3d Cir. 2004) (holding "that an order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket").

district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."  28 U.S.C. § 1292(a)(1).  Because the Preclusion Order imposed a filing injunction against Ezekwo, and the District Court's August 10, 2021 order denied her motion to reconsider that injunction, we have jurisdiction to review these two orders under § 1292(a)(1).[2]

### III.

Before imposing a filing injunction, a district court must (1) ensure that the situation presents "exigent circumstances, such as the litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," (2) allow the litigant "to show cause why the proposed injunctive relief should not issue," and (3) "narrowly tailor[]" the filing injunction "to fit the particular circumstances of the case before [that court]."  Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).  We review the District Court's imposition of a filing injunction again Ezekwo, as well as its order denying her motion for reconsideration, for abuse of discretion.  See id. at 1032 (filing injunction); Max's

---

[2] Because the Preclusion Order did not comply with the separate-document requirement that generally governs district court "judgments," see Fed. R. Civ. P. 58(a); Fed. R. Civ. P. 54(a) (defining "judgment" to include "any order from which an appeal lies"); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (stating that, to meet this requirement, the judgment in question must, inter alia, "omit (or at least substantially omit)" the district court's reasoning), the time to appeal from the Preclusion Order did not expire until November 2021, see Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(1)(A).  Ezekwo filed her first notice of appeal well before that deadline.  Accordingly, her appeal from the Preclusion Order is timely.  And since she filed her second notice of appeal within 30 days of the District Court's August 10, 2021 order denying reconsideration, that appeal is timely, too.  See Fed. R. App. P. 4(a)(1)(A).

Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (motion for reconsideration).

Here, the scope of the District Court's filing injunction against Ezekwo is not narrowly tailored to fit the particular circumstances of this case. Both of the District Court's show-cause orders directed Ezekwo to explain why it should not preclude her from filing another action "relating to" her currently pending and/or previously adjudicated cases without first seeking the District Court's permission. (Dist. Ct. Order entered Apr. 23, 2021, at 2; Dist. Ct. Order entered May 5, 2021, at 2-3.) But when the District Court entered the Preclusion Order, it did not limit the filing injunction to these future "relat[ed]" actions. Instead, the District Court ordered Ezekwo to obtain its permission before filing "any" complaint, (Preclusion Order 3), and the District Court did so without explaining why such a sweeping injunction was warranted. This was error. Cf. In re Ross, 858 F.3d 779, 787 (3d Cir. 2017) ("Given both the breadth of the injunction in this case and the . . . [c]ourt's failure to articulate why such an injunction was warranted by [the litigant's] conduct, a remand is warranted.").

In view of the above, we will vacate the District Court's Preclusion Order and its order denying reconsideration, and we will remand for further proceedings consistent with this opinion.[3] To the extent that Ezekwo seeks any other relief from us, that relief is

---

[3] To the extent that Ezekwo argues that the presiding district judge is biased against her, we see no evidence of any bias, and we see no reason for this case to be reassigned to a different district judge on remand.

denied. Nothing in this opinion prevents the District Court, on remand, from directing Ezekwo to show cause why a more limited filing injunction should not be imposed against her. At this time, we take no position on the propriety of such an injunction.